W. T. RAWLEIGH CO., Appellant, v. WARREN et al, Respondents.

(198 N. W. 555.)

(File No. 5515.   Opinion filed May 1, 1924.)

1.  **Corporations—Fraud—Principal and Agent—One Securing Signatures of Guarantors of His Future Indebtedness to Corporation, Held Not to Have Acted as Its Agent, So as to Render It Responsible for His Misrepresentations.**

    A prospective sales agent for a medical company, in securing signatures of guarantors of any indebtedness to the principal company which might, in the future, be incurred by him, held not to have acted as agent for the company, so as to render it responsible to the guarantors for his misrepresentations.

2. Corporations — Fraud — Principal and Agent — Agent Securing Guarantors of Indebtedness of Predecessor Assumed by Him, Held to Have Acted as Agent for Creditor Company So that It Was Responsible for His False Representations.

Where a prospective sales agent of a medical company assumed a debt due the company from his predecessor, and secured the signatures of guarantors of such indebtedness and any indebtedness which might be subsequently incurred by him, held that, as to the past indebtedness of his predecessor assumed by him he had acted as an agent of the company in securing the guarantors' signatures, so that it was responsible for false representations made by him.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by the W. T. Rawleigh Company against David Warren and Nick Burggroff. Judgment for defendants, new trial denied, and plaintiff appeals. Affirmed on condition, otherwise vacated and new trial granted.

*Cherry & Davenport,* of Sioux Falls, for Appellant.

*Danforth & Barron* and *Muller & Conway,* all of Sioux Falls, for Respondent.

Appellant cited: Saginaw Medicine Co. v. Batey (Mich.), 146 N. W. 329; J. R. Watkins Medical Co. v. Hunt (Neb.), 177 N. W. 462; Mason Lumber Co. v. Buchtel, 101 U. S. 1072, 25 L. ed. 637; M. R. Watkins Medical Co. v. Montgomery (Ark.), 215 S. W. 638; Wliliam Deering & Co. v. Mortell, 110 N. W. 86; Cowan v. Roberts (N. C.), 101 A. S. R. 845; Merchants National Bank v. Cressey (Ia.), 146 N. W. 761; Atlas Shoe Co. v. Bloom (Mass.), 96 N. E. 952; Powers v. Clarke (N. Y.), 28 N. E. 402; Lucas v. Owens (Ind.), 16 N. E. 196; Dr. Koch Medical Tea Co. v. Poitras, 161 N. W. 727; Davis Sewing Machine Co. v. Richards, 115 U. S. 527, 29 L. ed. 480.

Respondent cited: J. R. Watkins Co. v. Miller (S. D.), 168 N. W. 373; J. R. Watkins v. Payne, 180 N. W. 968; 21 R. C. L., Sec. 20, Note 18.

GATES, J. From 1917 to December, 1920, one Parker, under annual contract with plaintiff, had been selling at retail in the territory consisting of Minnehaha county in this state, stock foods, patent medicines, etc., supplied by plaintiff. In December, 1920,

he was furnished by plaintiff with a form of renewal contract for 1921, at which time he was indebted to the plaintiff in the sum of $2,242.12. Immediately below and upon the same page as the contract was the following guaranty:

"For and in consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby expressly confessed and acknowledged, or in consideration of the above-named seller extending further credit to the said buyer, we, the undersigned, do hereby jointly and severally guarantee unto the said W. T. Rawleigh Company, the above-named seller unconditionally, the payment in full of the balance due or owing said seller on account, as shown by its books at the date of the acceptance of this contract of guaranty by the seller, and the full and complete payment of all moneys due or owing, or that may become due or owing said seller, and all indebtedness incurred by the buyer under the terms of the above and foregoing instrument by the buyer named as such therein, and to all of the terms, provisions, and agreements contained in said instruments we fully assent and agree, hereby waiving notice of acceptance by the seller of this contract of guaranty, and all notice of any nature whatsoever, and agree that the written acknowledgment, by the said buyer of the amount due or owing on his account, or that any judgment rendered against him for moneys due the seller, shall in every and all respects bind and be conclusive, jointly or severally, against the undersigned. And we further agree that in any suit brought on this contract of guaranty by the seller no other or further proof shall be required of it than to establish the amount or sum of money due and owing to it from the said buyer, and when so proven shall be conclusive and binding upon the undersigned, and further that it shall not be necessary for said seller, in order to enforce this contract of guaranty, to first institute suit against said buyer nor exhaust its legal remedies against him. And agree that any extension of the time of payment or payments to said buyer shall not release us from liability under this contract of guaranty. It is hereby mutually understood and agreed that this contract of guaranty is conclusive and binding on the party or parties who sign it, whether the same is signed by any other party or parties or not, and that any statement or representation made by any person as to the undertakings of the guarantor or guarantors other than

as herein expressed, or as to who or how many parties are to sign this guaranty, shall in no wise affect the rights of the company; and it is mutually understood that this is to be a continuing guaranty; and any notice in any way affecting the responsibility or liability of the signers hereunto, in order to become effective and binding upon the above named seller, shall be reduced to writing and delivered by registered mail to the office of said seller at Minneapolis, Minnesota."

Parker secured the signatures of defendants Warren and Burggroff to such guaranty, and it was accepted by the plaintiff in January, 1921. In July, 1921, the contract was terminated, at which time Parker was indebted to plaintiff under the contract in the sum of $2,510.61. This action was brought to recover said sum from the guarantors. Upon the trial the jury returned a verdict for defendants, and judgment was entered dismissing the action. Plaintiff appeals from the judgment and order denying new trial.

Over the objection of appellant, the respondent Warren testified that prior to signing the guaranty Parker told him he did not owe appellant anything; that he had about $300 on his books; that he would get two other signers to the guaranty and would bring it back to Warren before he sent it in to the company; that Warren relied upon such representations in signing the guaranty and would not otherwise have signed it. Over like objection the respondent Burggroff testified that prior to signing the guaranty Parker told him he only owed the company between $400 and $500, and that he had outstanding accounts of $1,500 or more; that he would get one Walker to sign the guaranty, and that, if Walker did not sign it, he would return it to Burggroff; that Burggroff would not have signed the guaranty but for his belief in and reliance upon those representations.

The rulings of the trial court in admitting such testimony, in its refusal to direct a verdict for appellant and in its instructions given to the jury and excepted to by appellant all relate to the same question, viz.; a question of agency. It is the contention of respondents that in obtaining their signatures to the guaranty Parker was acting as agent for appellant. Appellant contends that Parker was not its agent in securing such signatures. It is not

claimed that appellant knew of the representations alleged to have been made by Parker to respondents.

[1]   In so far as the guaranty secured the liability of Parker as to goods thereafter sold to him by appellant, it must be conceded that the usual rule of guaranty applies; that is, that Parker was not appellant's agent in securing the guaranty, and that appellant could not be held responsible for representations made by Parker, unknown to it.

[2]   But the rule seems to be different as applied to an antecedent indebtedness. This matter has been thoroughly considered by our sister state in the case of Dr. Koch Medical Tea Co. v. Poitras, 36 N. D. 144, 161 N. W. 727. There the contract was between the medical company and Poitras, a new representative of the company, wherein an indebtedness of Durocher, the preceding representative, was assumed by Poitras. So far as the old debt was concerned Poitras was held to be the agent of the medical company in obtaining the guaranty. Mr. Justice Bruce said:

"Poitras then was acting in a dual capacity. He was not merely getting a guaranty for the proper performance of his own contract in regard to the purchase of the medicine, but for the payment of a past debt of Durocher's, which he had assumed and which had no real connection with that transaction, and which itself was several years old. He was, according to the terms of the contract of guaranty, paying into the hands of the sureties and for and on behalf of the plaintiff medical company, the beneficiary, the sum of $1. He was making a direct contract between them and that company. He was not even engaged in transmitting an offer from the sureties to the company, which had to be accepted in order to become binding, but in making a final and consummated contract. This, indeed, we are justified in believing was the very purpose of the wording of this peculiar instrument. It was to avoid any possible defense that there was merely an offer of suretyship, which had not been accepted. See discussion in W. T. Rawleigh Medical Co. v. Laursen, supra. Not only is this so, but the agency was ratified by the company. By shipping the goods and suing on the contract and guaranty, it ratified the payment of the dollar and the making of the direct contract. Such being the case, the plaintiff was bound by, and responsible for, the

fraudulent acts of Poitras and Durocher. If the defendants were induced to sign the guaranty on account of the false representation that it was merely a testimonial as to the honesty of Poitras, the contract was void."

Mr. Justice Goss said:

"The company obtained through Durocher's efforts new security for its old claims. In so doing they have taken a contract with the new sureties running directly to themselves, and, for a consideration of $1, paid the sureties by plaintiff. Any misrepresentation and fraud in obtaining this substitution and contract of indemnity, for which they have paid the consideration and procured through the act of Durocher or Poitras, is imputable to plaintiff if performed by him as their agent. They cannot accept the profits and advantages of a guaranty for a past debt without responsibility for the method employed under these circumstances by one who must have been their agent in so acting. Somebody acted for them in this transaction, and that person must have been their agent in executing this contract between themselves and the sureties."

We are satisfied with the correctness of that rule as applied to this case. So far as the indebtedness of $2,242.12 due from Parker to appellant is concerned the judgment should be affirmed; but, so far as Parker obtained credit for goods thereafter sold to Parker, the guarantors should be held liable. The difference between $2,501.61 and $2,242.12 is $268.49.

The case will be remanded to the trial court with an option to defendants to pay appellant's attorneys the sum of $268.49, with interest from June 30, 1921, within thirty days from the filing of the remittitur in the trial court. In the event of such payment the judgment and order appealed from will stand affirmed. If respondents do not avail themselves of such option within such period, the trial court will enter an order vacating the judgment and the order denying new trial and granting a new trial. No costs will be taxed in this court.

Note.—Reported in 198 N. W. 555. See, Headnote (1), American Key-Numbered Digest, Corporations, Key-No. 422(1), 14A C. J. Sec. 2337; (2) Corporations, Key-No. 422(1), 14A C. J. Sec. 2339.