For Uniform Workmen's Compensation Act, see 9 U. L. A. 301.

---

HIRNING, Superintendent of Banks, Respondent, v. TOOHEY, Treasurer of City of Sioux Falls, Appellant.

(207 N. W. 462.)

(File No. 5830. Opinion filed February 24, 1926.)

Banks and Banking—Pledge—Pledge of Bank Assets for Deposits Void.

Under Rev. Code 1919, Sec. 8984, as amended by Sess. Laws 1919, c. 124, pledging bank's assets as security for city deposit held illegal and void, whether or not bank was actually insolvent at the time.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by John Hirning, State Superintendent of Banks, acting in charge of and in behalf of the International State Bank, against John M. Toohey, as Treasurer of the City of Sioux Falls. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Roy D. Burns,* of Sioux Falls, for Appellant.

*M. G. Luddy,* of Sioux Falls and *Roy E. Willy,* of Platte, for Respondent.

Appellant cited: Citizens State Bank v. First National Bank, 157 Pac. 392, L. R. A. 1917 A 696; Furver v. Williams Flour Company, 21 S. D. 231; State v. Syverson, 166 N. W. 157.

Respondent cited: State v. Stevens (S. D.), 92 N. W. 423; Commonwealth v. Trademen's Trust Co., 85 Atl. 363, 237 Pa. 316; State v. Cramer, 119 Pac. 30.

BURCH, C. This action is brought by the state banking department, which at the time of the commencement of the action was in charge of the International State Bank of Sioux Falls, to recover assets belonging to the bank of the face value of about $60,000. These assets were turned over to defendant, Toohey, as treasurer of the city of Sioux Falls to secure a deposit of city funds. The city had about $55,000 on deposit at the time of taking the securities, secured by a personal bond of the officers of the bank. On Thursday afternoon, January 17, 1924, Toohey informally asked the officers of the bank for additional security, and such request was considered at a meeting of the directors that evening. Additional security was promised, and the notes to be pledged selected and left at the bank to be listed and delivered the next morning. The next morning Toohey took physical possession of the notes. On the same morning something of a run started on the bank, and the next day, Saturday, the bank was forced to put into effect the rule of paying only $25 on withdrawals. The bank remained open all day Saturday, but failed to open Monday following. Considerable evidence was introduced to show the difficulties of the bank in meeting its obligations during these days, concerning the knowledge of Toohey as to the condition of the bank at the time he took the securities, and also

of the general banking conditions in the city at that time, caused by two large banks of the city failing shortly before. At the close of the testimony the circuit court directed a verdict for plaintiff. From the judgment thereon and order denying a new trial, defendant has appealed.

Appellant's principal contention is that there could be no preference in assigning the securities unless the bank was actually insolvent at the time the transaction was made, that the burden of proving the insolvency is upon plaintiff, and that there is no evidence that the bank was actually insolvent. Section 8984, R. C. 1919, as amended by chapter 124, Sess. Laws 1919, provides:

"No bank, banker or bank officer shall give preference to any depositor, or creditor by pledging the assets of the bank as collateral security. * * *"

Then follow provisos allowing the pledging of assets under certain circumstances, but none of them provide for the securing of deposits in that manner.

In order to give a preference it is contended that the bank must be insolvent at the time of the transaction, because a preference is the paying or securing, by an insolvent debtor, the claims of one or more of his creditors to the exclusion of the rest, and therefore the above section does not apply to solvent banks. Appellant cites Citizens' State Bank v. First National Bank, 157 P. 392, 98 Kan. 109, L. R. A. 1917A, 696, as authority for this view. The Kansas statute is the same, or nearly the same, as our section 8984, and in the syllabus of that case it is said such provision "applies only to a bank which is insolvent;" but the text hardly bears out this general statement. In that case the court was applying the law to the proviso of the section which permits a bank to borrow money for temporary purposes, and to pledge assets of the bank not exceeding 20 per cent. (our statute 50 per cent.) in excess of the amount borrowed, and it was held this could not be done after the bank became insolvent, although the statute permits it to be done by banks generally, because, when done by an insolvent bank, such act would constitute a preference. This case simply applies the common rule regarding preference to creditors of insolvent corporation. The Kansas court says:

"If the demand or request had been made at a time when the bank was entirely solvent, the agreement could have been lawfully

·complied with, provided the amount of collateral deposited was not more than 20 per cent. in excess of the debt."

Inferentially, it holds that it would not be legal to pledge more than the amount expressly allowed by law if the bank were solvent. The question of a pledge of assets of the bank to secure a deposit already made was not involved in that case.

We think the word "preference," as used in section 8984, is intended in its popular sense, and not in a technical sense. The section, read as a whole, indicates an intention to prohibit the pledging of the assets of a bank, except in certain specified instances named in the several provisos, and to exclude all others without regard to the solvency of the bank at the time of the transaction. The section is a part of the law governing the organization and management of banks. It is intended to govern or control solvent and going banks. It is therefore immaterial in this case whether or not the bank was actually insolvent, constructively insolvent or solvent; the pledging of the bank's assets was illegal and void.

It follows from what has been said that the action of the trial court in directing a verdict for plaintiff was right; and the judgment and order are therefore affirmed.

Note.—Reported in 207 N. W. 462.   See, Headnote, American Key-Numbered Digest, Banks and banking, Key-No. 74, 7 C. J. Sec. 483.