HIRNING, Sup't of Banks, Respondent, v. TOOHEY, Treasurer, Appellant.

(210 N. W. 723.)

(File No. 5830.   Opinion filed November 15, 1926.)

1. **Depositaries—Bonds.**

    As used in Rev. Code 1919, § 6344, providing that depositaries of municipal funds shall be required to furnish bonds or other security, bonds means indemnity bonds or undertakings.

2. **Depositaries—Pledge—Statute Requiring That Depositaries of Municipal Funds Furnish Security Does Not Except Deposit of Public Funds From Statute Forbidding Banks to Pledge Assets to Secure Deposits (Rev. Code 1919, § 6344, as amended by Laws 1919, c. 272, and section 8984).**

    Rev. Code 1919, § 6344, as amended by Laws 1919, c. 272, providing that depositaries of municipal funds shall be required to furnish bonds or other security, does not create exception as to public funds to section 8984, forbidding banks to pledge assets to secure deposits, in view of Depositors Guaranty Fund Law, including Rev. Code 1919, § 9013.

3. **Banks and Banking.**

    Legislature had right to provide against bank securing deposits of public money with its assets so as to leave depositors of private funds largely without protection. and Rev. Code 1919, § 8984, is apt therefor.

4. **Statutes.**

    In construing statutes in reference to each other, effect should

be given to all provisions of each, if it can be done by fair and reasonable construction.

Note.—See, Headnote (1), American Key-Numbered Digest, Depositaries, Key-No. 7, 18 C. J. Sec. 55; (2) Depositaries, Key-No. 7, 18 C. J. Sec. 54 (Anno); (3) Banks and banking, Key-No. 74, Depositaries, 18 C. J. Sec. 54 (Anno); (4) Statutes, Key-No. 224, 36 Cyc. 1146.

On rehearing. Former opinion adhered to.

For former opinion, see 49 S. D. 496, 207 N. W. 462.

See, also, 50 S. D. —, 208 N. W. 82.

*Roy D. Burns,* of Sioux Falls, for Appellant.

*M. G. Luddy,* of Sioux Falls, *Roy E. Willy,* of Platte, for Respondent.

BURCH, C. [1, 2] This case is before us upon rehearing. The former opinion is reported in 49 S. D. 496, 207 N. W. 462, to which we refer for the facts. In that opinion we construed section 8984, R. C. 1919, as amended by chapter 124 Laws 1919. The case turned on a question not fully argued in the briefs, or the oral argument of counsel, and a rehearing was granted to enable counsel to more fully present their views as to the effect of section 6344, R. C. 1919, on the provisions of section 8984. It is the contention of appellant that section 6344 makes an exception in the provision of section 8984, forbidding banks to pledge their assets to secure a deposit, when such deposit is of public funds. Section 6344 reads:

"The governing body of a municipal corporation shall annually, * * * designate the depositary in which the funds belonging to the municipal corporation shall be deposited. Such governing body shall require the depositary so selected to furnish good and sufficient bonds or other security. * * *"

This section came into our laws as section 122, c. 119, Laws 1913, and was amended by chapter 272, Laws 1919, but the above-quoted language was not materially changed, and this was the form of the statute at the time this case was tried. Appellant argues that this section giving to the city board power to require bonds or other security empowers the depositary to comply with the requirement. In the above-quoted section the word "bonds" evidently refers to indemnity bonds or undertakings, and not to

negotiable bonds. This has been the generally accepted meaning, as evidenced by a common practice of securing public money by personal undertakings, or undertakings of surety companies, and this appears to have been the accepted interpretation by appellant and the city commissioners, for the funds involved in this case were secured by a personal undertaking of the officers of the bank, before and at the time the assets of the bank were pledged. But appellant says the words "other securities" must necessarily refer to assets of the depositary, since it could not be reasonably expected that others would furnish such security. There is no very good reason why one will pledge his credit by signing an undertaking, which he may have to pay, where he would not pledge an equal amount of his property, unless because the signing of an undertaking is a time-honored custom, while the other is not. But whether others would or would not furnish "other security" mentioned in the section is not important. If such bank is forbidden by law to pledge its assets as such "other security," then it may furnish a bond. On the other hand, if a bank has a legal right to furnish a bond or other security, the governing body may, in its discretion, accept either. The language of the section does not refer to state banks or to banks at all, but, if the fair inference is that the depositary shall be a bank, it does not follow that it shall be a state bank. The requirement that the depositary shall give bonds or other security before being intrusted with the public funds is a restriction upon the governing body of the city, and does not enlarge or extend the powers of the bank seeking to be designated as a depositary.

The purpose of section 6344 is to provide for the safety of public funds, and was enacted to control the governing body of cities in its management of such funds. Section 8984 is a part of the Banking Act applicable to state banks only, and its evident purpose is to control banks and banking operations. One of its restrictions forbids a state bank to secure deposits with its assets. No exception is made as to deposits of public funds, although, if an exception was intended, here was the logical place to make it.

[3] If a bank could carry on deposit a large and, in some instances, an unlimited amount of public money, and secure such deposit with the assets of the bank, it might leave the depositors of

private funds largely without protection, if the bank became insolvent. The Legislature had a right to provide against such contingency if it saw fit, and the language used in the section is apt to effect that purpose.

After section 6344 was adopted, a system of securing deposits was provided for by the Depositors Guaranty Fund Law, and section 9013, R. C. 1919, being one of the sections of that law, provides:

"No bank which has fully complied with all the provisions of this chapter shall be required to give any further security or bond for the purpose of being a depositary for any public funds, but public funds shall be secured in the same manner as private funds are secured. * * *"

This section indicates the policy of the Legislature in securing the public funds, as well as private funds at the time of its adoption. But, as this provision applied only to state banks operating under the Depositors Guaranty Fund Law, section 6344, being applicable to other banks, was not changed in its language nor repealed.

[4] It is a well-recognized rule that in construing two or more statutes in reference to each other they should be so construed that effect may be given to all of the provisions of each, if that can be done by any fair and reasonable construction. Where there is no conflict, ambiguity, or inconsistency, there is no room for construction. There is no inconsistency in requiring city authorities in dealing with a proposed depositary to deal within the limits of such depositary's authority to contract, although, in dealing with another depositary having greater privileges, they may have greater latitude in contracting. Effect may be given to the provisions of both sections 6344 and 8984 without a conflict or inconsistency. We are satisfied that section 6344 did not repeal a portion of section 8984 by implication, nor affect that section by creating an exception in favor of a deposit of public funds.

We adhere to our former opinion.

DILLON, J., not sitting.