FURST, et al, Appellants, v. RISSE, et al, Respondents.

(229 N. W. 293.)

(File No. 6653. Opinion filed February 21, 1930.)

*Windsor Doherty,* of Winner, for Appellants.
*W. J. Hooper,* of Gregory, for Respondents.

BROWN, P. J. Defendant Risse had been buying merchandise from plaintiffs under contract, the performance of which on his part was guaranteed by three persons. One of these guarantors desiring to be released, Risse enterd into a new contract with plaintiffs, the performance of which on his part was guaranteed by the defendants, Bruns, Lenser and Wiedmann, the guaranty being written or printed on the same paper as the contract between Risse and plaintiffs, which was dated December 17, 1923, and accepted by plaintiffs at Freeport, Illinois, on January 14, 1924. The guaranty reads as follows:

"For and in consideration of the payment of $1.00, the receipt whereof is hereby acknowledged and the extension of credit to the above named dealer by Furst & Thomas, we, the undersigned, jointly and severally guarantee to them the faithful performance of the above Contract by him and payment for goods furnished to him on credit, as therein provided, including any balance on his account for goods previously purchased by him and remaining unpaid at date of its acceptance, waiving acceptance of this guaranty and all notice, and we agree that the written acknowledgment of his account by the said dealer shall bind us, and that any extension of time shall not release us from liability hereon, and we further agree that after three months from the termination of the above agreement by either party and the non-payment of his account by said dealer, this guaranty shall become absolute as to the amount due from him and upon demand we promise to pay the amount due Furst & Thomas without any proceedings being taken by them against the said dealer.

"(Guarantors sign here in ink)

| Name | Occupation | P. O. Address |
|------|-----------|---------------|
| Harm D. Bruns | farmer | Dallas |
| August Lenser | farmer | Dixon |
| Henry Wiedmann | farmer | Dixon |

At the time of the execution of this guaranty, Risse owed for goods already purchased, $1,251.09, and between that time and the termination of the contract on August 30, 1924, he had purchased additional merchandise and had paid on account of what he owed more than the $1,251.09 that was due at the time of the execution

of the guaranty, and there was still an unpaid balance of $1,222.97, to recover which this action was brought. The guarantors defended on the ground that they signed the guaranty relying on representations made to them by Risse, that it was merely a recommendation so that he could get a license to sell the merchandise, that they could not read English and relied upon Risse's representations. That Risse further assured them that he was not indebted to plaintiff for any merchandise at that time, and that he had to pay for all the merchandise he bought when he procured the same. They further claimed that notice of acceptance of the guaranty was necessary to make it a completed contract, and that they never received any notice of acceptance. A motion by plaintiff for a directed verdict was denied, and from judgment for defendants on the verdict of the jury, and from an order denying a new trial plaintiff appeals.

Risse denied the misrepresentations ascribed to him by the guarantors, and testified that he told them when soliciting their signatures that he needed three bondsmen, and that each of them signed the guaranty on that understanding. Respondents rely upon the decision in Deering & Co. v. Mortell, 21 S. D. 159, 110 N. W. 86, 87, 16 L. R. A. (N. S.) 352, as supporting their contention that notice of acceptance of the guaranty was necessary in the instant case, but in Deering & Co. v. Mortell, it is pointed out that "no consideration was received by the signers, and none, passing to them from the plaintiff, is acknowledged in the instrument," and the opinion quotes from the decision of the Supreme Court of the United States in Machine Company v. Richards, 115 U. S. 524, 6 S. Ct. 173, 175, 29 L. Ed. 480, "if the receipt from him [the guarantee] of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract." In addition to waiving acceptance and notice of acceptance, the guaranty in the instant case recited the receipt of $1 as part of the consideration, therefore, under the rule laid down by the Supreme Court of the United States in Machine Company v. Richards, supra, the guaranty did not require notice of acceptance to make it effective, and the trial court's instruction, that notice of acceptance communicated by appellants to the guarantors was necessary to make the guaranty binding was erroneous.

■ The court instructed the jury that the contract of guaranty in this case is divisible, one part guarantying the indebtedness of Risse to appellants before the contract in the case was executed; that the undisputed testimony showed that $1290.09 was due from Risse to the company at the time of the execution of the contract, and, if the jury should find that Risse made the representations claimed by the guarantors, verdict should be for the defendants. This was error. Even if the contract of guaranty was divisible, and even if as to the indebtedness existing prior to the execution of the contract, the company was bound by the representations made by Risse; as to indebtedness incurred after the signing of the guaranty, Risse was not appellant's agent, and as to such indebtedness appellant could not be held responsible for representations made by Risse, unknown to it. W. T. Rawleigh Co. v. Warren, 47 S. D. 319, 198 N. W. 555.

■ It is conceded that after the execution of the guaranty, payments made by Risse exceeded the amount due when the guaranty was executed. So far as disclosed by the record, payments made by Risse on his account were not specifically directed to be applied to any particular portion of the account, and in the absence of any direction as to how payments were to be applied, the statute (Rev. Code 1919, § 757), provides that they shall be applied to the obligation earliest in date of maturity. Application of this rule results in all of the debt existing at the time defendants signed the guaranty having been paid, and the $1222.97 which was the subject of this action is an indebtedness incurred by Risse subsequent to the signing of the guaranty, and on the authority of W. T. Rawleigh Co. v. Warren, supra, it follows that plaintiff's motion for a directed verdict should have been granted.

The judgment and order appealed from are reversed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.