STRAIN, Superintendent of Banks, Respondent, v. POTTER COUNTY, Appellant.

(256 N. W. 147.)

(File No. 7609.   Opinion filed August 4, 1934.)

*K. J. Morgan,* State's Atty., of Gettysburg, and *Frank S. Tait,* of Milbank, for Appellant.

*S. W. Clark* and *C. D. Sterling,* both of Redfield, and *J. T. Grigsby,* Assistant Attorney General, for Respondent.

ROBERTS, P. J.,   This is an action brought by the superintendent of banks to recover certain notes and mortgages pledged by the Hoven State Bank to secure deposits of public funds of

Potter county. The facts are stipulated, and those necessary to an understanding of the case are as follows: "That on or about the 1st day of December, 1929, the Hoven State Bank was then an open and going concern, and the owner of certain notes and mortgages securing the same, and which notes and mortgages constituted a part of the assets and property of said bank, and which are more particularly described as follows: * * * It is further stipulated that none of the lands described in the mortgages above noted are situated within the County of Potter and State of South Dakota, except that property last above described and covered by a mortgage executed by Joseph Hartung and Katie Hartung; and that as to said mortgaged property it is agreed that the same lies within the corporate limits of the incorporated town of Hoven, in said Potter County—lies wholly within the corporate limits of the incorporated town of Hoven in said County, and that this real estate does not constitute farm land within said county. That said notes and mortgages were transferred and assigned to Potter County for the purpose of allowing said county to hold same as collateral security for the repayment of said county of funds and monies belonging to it, which were then on deposit in the Hoven State Bank and for the repayment of such monies as might thereafter be deposited in said Bank. It is stipulated that all of the mortgages aforesaid were pledged and assigned by the said Hoven State bank to the defendant, Potter County, were all first mortgages upon lands described in each of said mortgages."

The trial court made findings of fact based upon the stipulation. As a conclusion of law the court stated that the pledging of the assets to secure the deposit of public funds was an act ultra vires on the part of the bank and the officers of the county. Judgment was rendered in favor of the plaintiff, and the county appeals.

The sole question in this case is whether a state bank can pledge assets to secure deposits of public funds other than those for the pledging of which there is express statutory authority. Section 6888, Rev. Code 1919, was originally enacted as chapter 104, Laws 1897. The county treasurer of each county by this act was required to keep the funds of the county on deposit "in state, private or national banks doing business in this state and of approved and responsible standing." Section 1. Any bank could apply for the privilege of receiving county funds upon the condition that

it furnish a bond to secure such deposits. Prior to its incorporation in the Revised Code of 1919, this statute was amended by chapter 159, Laws 1915, and chapter 204, Laws 1917. The later amendment made an exception of banks which came within the provisions of the bank guaranty act; it provided that banks "which are not protected by the state bank guaranty fund" shall furnish bonds to the county to secure deposit of county funds. This statute was again amended by chapter 297, Laws 1923, making its provisions applicable to the funds of unorganized counties. The Legislature of 1925, having repealed by the enactment of chapter 99, Laws 1925 (see section 11), the provisions of section 9013, Rev. Code 1919, which provided that "no bank which has fully complied with all the provisions of this chapter (Deposit Guaranty Fund Act) shall be required to give any further security or bond for the purpose of being a depositary for any public funds," amended section 6888 requiring county depositaries, including state banks, to furnish a bond to secure county deposits, or in lieu of bond to furnish certain specified assets. Chapter 295, Laws 1925. Section 6888 was again amended by chapter 98, Laws 1929, which was in effect at the time of the transactions in question, and the portion of such statute material in this case is as follows: "It shall be the duty of the board of County Commissioners to approve such applications: Provided that such applicants may furnish a good and sufficient bond to the county. Provided, further, that such applicants may deposit in lieu of such bonds, bonds, certificates of indebtedness, treasury certificates of the United States, bonds of any Federal Land Bank or Federal Intermediate Credit Bank or Joint Stock Land Bank of the United States or bonds of any territorial or insular possession of the United States or bonds or securities of any kind issued by the State of South Dakota, or bonds of any state or territory of the United States, the par value of these securities equalling at all times the amount of funds on deposit. Provided, further, that the applicants may deposit in lieu of the above listed securities, bonds of any county, school district or municipality within the State of South Dakota, or warrants of any county, municipal corporation or school district within the State of South Dakota, or first real estate mortgages on farm lands within the county, same to be accepted wholly at the discretion of the board of county commissioners."

Section 8984, Rev. Code 1919, from its original enactment as section 33, art. 2, c. 222, Laws 1909, and in subsequent amendments including chapter 50, laws 1933, has contained the provision that no bank shall give preference to any depositor or creditor by pledging the assets of the bank as collateral security. An exception has been made to this general prohibition to include deposits made by the state, counties, and municipal corporations. This exception was made by the enactment of chapter 53, Laws 1927, and the same exception is contained in chapter 50, Laws 1933. The portion of the statute material in this case is as follows: "A State Bank may deposit as security for public money, with the State Treasurer, any county treasurer, or treasurer of any municipal corporation, or such trustee as may be agreed upon, any of the following securities: bonds, certificates of indebtedness, treasury certificates of the United States, bonds of any Federal Land Bank or Federal Intermediate Credit Bank or Joint Stock Land Bank of the United States or bonds of any territorial or insular possessions of the United States, or bonds, warrants or securities of any kind issued by the State of South Dakota, bonds or warrants of any county, township, school district, or municipal corporation, of the State of South Dakota, or first real estate mortgages on farm lands within said county, or bonds of any State or territory of the United States in order to qualify as depositaries of state, county and municipal funds."

These sections specifically enumerate first real estate mortgages on farm lands within the county. The mortgages pledged and involved in this case were on farm lands outside the county of Potter and included a mortgage on property within the corporate limits of the town of Hoven. This court in Ruden v. City of Platte, 62 S. D. 175, 252 N.W. 32, considered the authority of a bank to mortgage its banking house to secure the payment of municipal funds. The precise point was there urged that a bank cannot pledge any asset other than those expressly set forth in the statute, but the question was not determined. It was held that the banking house was a fixed asset, and that the statute did not expressly or by implication authorize or permit a bank to hypothecate a fixed or capital asset as security for municipal funds.

It is the duty of the county treasurer, as above stated, under the provisions of section 6888, to deposit all funds in his

possession by virtue of his office in one or more banks designated by the board of county commissioners as county depositaries. County funds may be secured by "a good and sufficient bond to the county," or a depositary may in lieu of such bond pledge specified securities. Appellant urges that since the original enactment of this section in 1897 it has been the public policy of this state to require some security for deposit of county funds; that when the Legislature by the amendment in 1925 of the provisions of this section authorized county commissioners to accept specified securities in lieu of a bond it had in mind the protection of public funds; and if this was the intention of the Legislature it would not be inferred that a county is to be deprived of security for its deposits if county officers accepted assets other than those specified in the statutes. Especially is this apparent, counsel for the appellant say, when we consider the history of this legislation. Section 8984, which prohibits state banks from pledging assets, was not amended to include an exception permitting a preference of county deposits until the session of 1927, two years after the enactment of the amendment permitting counties to accept specified assets in lieu of a bond. If the express authority for a county to receive designated assets in lieu of a bond was an implied grant on the part of a bank to pledge the designated assets for the purpose of receiving county deposits, no reason would be apparent, urges the appellant, when the statute enumerates gilt-edged securities to secure public funds, for holding that a bank could not pledge less desirable securities not included within the classes specified in the statute, and the cases of Melavon v. Hunker, 35 N. M. 408, 299 P. 1075, and Bliss v. Mason, 121 Neb. 484, 237 N. W. 581, are cited in support of such contentions. See, also, Schornick v. Butler (Ind. Sup.) 185 N. E. 111; First American Bank & Trust Co. v. Palm Beach, 96 Fla. 247, 117 So. 900, 65 A. L. R. 1398. In holding that a bank may pledge its assets, these cases either hold that the practice is not contrary to the legislatively declared policy, or that without distinguishing between a deposit and a loan the power to secure a deposit by a pledge is derived from the implied power of a bank to borrow money and pledge collateral.

The amendment of section 6888 in 1925 (chapter 295), authorizing a county to receive certain specified securities as a pledge to secure county deposits, for reasons stated in Hirning v. Toohey,

50 S. D. 457, 210 N. W. 723, 724, an action to recover securities pledged and delivered to a city treasurer to secure a deposit of municipal funds, did not impliedly grant authority to banks to make such pledge. Section 6344, Rev. Code 1919, provided that the governing body of a municipal corporation must require of a depositary "good and sufficient bonds or other security." Construing this statutory provision and the provisions of section 8984 prior to its amendment in 1927, this court said: "The requirement that the depositary shall give bonds or other security before being intrusted with the public funds is a restriction upon the governing body of the city, and does not enlarge or extend the powers of the bank seeking to be designated as a depositary. The purpose of section 6344 is to provide for the safety of public funds, and was enacted to control the governing body of cities in its management of such funds. Section 8984 is a part of the Banking Act applicable to state banks only, and its evident purpose is to control banks and banking operations. One of its restrictions forbids a state bank to secure deposits with its assets. No exception is made as to deposits of public funds, although, if an exception was intended, here was the logical place to make it."

There is a want of harmony in the decisions relating to the power of banks in the absence of statutory authority to pledge their assets. Texas & Pacific Ry. Co. v. Pottorn, 291 U. S. 245, 54 S. Ct. 416, 78 L. Ed. 777; City of Marion, Ill., v. Sneeden, 291 U. S. 262, 54 S. Ct. 421, 78 L. Ed. 787; Annotations, 65 A. L. R. 1412, 87 A. L. R. 1456. This diversity of judicial opinion has been influenced by varying views of courts as to whether public policy is against the pledging of bank assets to secure deposits. But the Legislature has expressly denied the right of banks to pledge their assets to secure deposits, except in those instances where banks are expressly given such authority, and has expressly declared the public policy of this state. The securities in question are not within the statutory exceptions. The pledging of assets other than those specified is unauthorized, and it was not therefore within the power of the bank to pledge the assets which the plaintiff here seeks to recover.

Counsel contend that if the bank did not have the authority to pledge the securities in question it follows that the bank was a trustee of the county deposit. We may assume for the pur-

pose of this decision that the deposit made in violation of law constituted a trust ex maleficio. A cestui que trust is entitled to property which has been traced and identified. Colteaux v. Trust & Savings Bank, 52 S. D. 443, 218 N. W. 151; Milligan v. First State Bank of Barnard, 55 S. D. 528, 226 N. W. 747; Fokken v. Smith, 58 S. D. 124, 235 N. W. 120. Since the county did not trace and identify the funds deposited, it did not establish a right to a judgment for the restoration of a trust fund.

The judgment and order appealed from are affirmed.

POLLEY, WARREN and RUDOLPH, JJ., concur.

CAMPBELL, J., concurs specially.

CAMPBELL, J. (concurring specially). About twenty-five years ago it was established as the law of this state (section 33, art. 2, c. 222, Laws 1909) that "No bank, banker or bank officer shall give preference to any depositor or creditor by pledging the assets of the bank as collateral security." This broad and definite prohibition has never been repealed by any subsequent legislative session, and some of them have specifically reenacted it. Section 37, art. 2, c. 102, Laws 1915; chapter 29, Laws Sp. Sess. 1918; section 8984, Rev. Code 1919; chapter 124, Laws 1919; chapter 92, Laws 1925; chapter 53, Laws 1927; chapter 50 Laws 1933. By divers legislative acts since 1909 numerous specific exceptions to this general prohibition have been established; the latest being by section 3, c. 1, Laws Sp. Sess. 1933.

The program of exceptions thus established if viewed as an entity, appears markedly lacking in systematic co-ordination and consistency. It is difficult to perceive any valid reason why the legislature (chapter 188, Laws 1929), after listing a number of specific securities which depository banks may pledge to secure funds of municipal corporations, should extend the broad permission to pledge for that purpose "other securities acceptable to the governing body" and should fail to extend an equally broad permission with relation to pledging of assets to secure deposits of county, township, and school funds or other public moneys. Nor is the reason particularly apparent why the Legislature should expressly permit the pledging of "real estate mortgages on farm land within the county" (Laws 1929, c. 98) to secure county deposits and should fail to extend the same permission with reference to the

pledging for the same purpose of real estate mortgages on farm lands outside the county. It seems to me, however, that these are arguments which should be addressed to the Legislature and not to this court. So long as the Legislature sees fit to retain the broad general prohibition it is the Legislature and not the court which should create the exceptions thereto, if any. And the Legislature having from time to time made sundry and definite exceptions, they should not be increased by this court under the guise of statutory construction. The language of the statutes setting forth permissible pledges as exceptions to the general prohibition is affirmative, definite, specific, and not susceptible of misunderstanding. If such language is to be extended to embrace and permit the pledging of items, which, very plainly, it does not now include, the amendment should be made by the Legislature and not by this court.

I concur therefore, in view that the judgment and order here appealed from should be affirmed.