WAKONDA INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. I, Respondent, v. McCULLOUGH, SUPERINTENDENT OF BANKS, et al, Appellants.

(258 N. W. 838.)

(File No. 7733. Opinion filed February 18, 1935.)

*Orvis & French,* of Yankton, for Appellants.
*Alan Bogue,* of Parker, for Respondent.

RUDOLPH, J. This is an appeal from a judgment entered against the ·defendants, E. W. Babb, W. G. Wright, D. J. Mart, and L. H. Jacobson. The court made findings of fact which disclose the following: In 1930 the plaintiff school ·district ·had on deposit in the Bank of Wakonda certain school district funds. The

school district indicated to the bank that it was going to withdraw the funds from the bank and invest them in United States government bonds. One Sam Jacobson was cashier of the bank, and he made arrangements with the board of education of the plaintiff school district, whereby the deposit was left with the Wakonda bank and Liberty bonds owned by the bank in the amount of $8,000 were left with a bank in Sioux City for the purpose of securing the school district deposit. This arrangement continued until in April, 1931, when the cashier, Jacobson, notified the school board that the state banking department had ordered him to get a release from the board of education of the said $8,000 in Liberty bonds pledged to secure the school district deposit. It was thereupon agreed between the board of education and the cashier, Jacobson, that, if a bond in the sum of $15,000 was obtained to secure the school district deposit, the pledged Liberty bonds would be released. The cashier, Jacobson, thereupon prepared a bond, which bond was executed with the bank as principal, and the appellants as sureties and was conditioned as follows: " * * * If said principal, Bank of Wakonda, of Wakonda, South Dakota, shall diligently, faithfully and impartially perform all its duties as such depository enjoined on it by law, and shall safely keep and repay any and all funds so deposited of said Wakonda Independent Consolidated School District No. 1, then this obligation shall be void; otherwise in full force and effect." This bond was accepted by the board of education on the 12th day of August, 1931, and the bonds released to the bank. On the 23d day of September, 1931, the bank closed its doors and was taken over by the superintendent of banks for the purpose of liquidation, at which time the plaintiff school district had on deposit in said bank the sum of $14,453.18, no part of which had been deposited after the acceptance of the bond. The court further found that these appellants were induced to sign the bond by certain false representations made by the cashier of the bank at the time he requested their signatures. These false representations were: First, that the bond would be signed by M. J. Chaney, the president of the bank; and, second, that the bank was in first-class financial condition. The court further found that the said M. J. Chaney did not sign said bond as surety, and "that the bank of Wakonda was not in good shape and was not all right financially, but was insolvent through-

out the entire month of August, 1931, and down to and including the 23rd of September, 1931." The court adjudged a recovery against the appellants for the full amount of the school district's deposit in the bank at the time it closed.

Appellants first contend that under the authority of the case of W. T. Rawleigh Co. v. Warren, 47 S. D. 319, 198 N. W. 555, Jacobson, the cashier of the bank, was acting as an agent for the plaintiff school district in securing this bond, and that it follows that the plaintiff school district is bound by the false representations made by Jacobson to these appellants. There is merit in this contention. We can discover no basis for the holding in the case of W. T. Rawleigh Co. v. Warren, supra, other than the distinction made by the court between an indebtedness due at the time the bond is executed, and an indebtedness to be incurred in the future. The effect of that decision is that one who obtains a signature to a bond, which bond is given for the purpose of securing an indebtedness already due from the one who obtains the signature to the obligee in the bond is the agent for the obligee. As stated in the opinion, this holding regarding indebtedness already due is opposed to the "usual rule of guaranty." Just why a different rule, for determining the agency of one securing signatures to a bond, should apply to an indebtedness already due than applies to an indebtedness to be incurred in the future is not stated in the opinion. The decision in this W. T. Rawleigh Co. v. Warren Case is based entirely upon the North Dakota case of Dr. Koch Medical Tea Co. v. Poitras, 36 N. D. 144, 161 N. W. 727, which case has been the subject of considerable discussion and criticism. It appears that the North Dakota court has tried to avoid the full effect of its decision in the Poitras Case by attempting to draw a distinction based upon the fact that the bond in the Poitras Case recited a consideration of $1 as passing from the obligee in the bond to the surety. See Watkins Co. v. Keeney, 52 N. D. 280, 201 N. W. 833, 37 A. L. R. 1389. It seems to us that this distinction is without a difference, and that the comment of the Wisconsin court in the case of Watkins Co. v. Beyer, 203 Wis. 397, 230 N. W. 615, 233 N. W. 442, 445, 71 A. L. R. 1268, is sound. The Wisconsin court said: "The liability of a surety is not affected by the fact that the consideration for the contract may take one of several forms, or that it may or may not be recited in the instru-

ment. The contractual obligation is the same in each case, and the rights of the parties are the same. To say that one form clothes the principal with apparent authority to bind the obligee by statements made to the surety, and the other does not, is saying that there is a distinction where there is no difference."

As disclosed by the annotation in 71 A. L. R. 1278, the rule announced by this court in the W. T. Rawleigh Co. v. Warren Case finds support only in the North Dakota case upon which it is based, and is contrary to the weight of authority. This court has twice referred to its decision in the W. T. Rawleigh Co. v. Warren Case. Furst v. Risse, 56 S. D. 418, 229 N. W. 293; International Harvester Co. v. Graber, 59 S. D. 601, 241 N. W. 726. In the Furst Case, the indebtedness due at the time the guaranty was signed had been paid before the action was commenced, and it was unnecessary, therefore, to either affirm or disaffirm the rule announced in the Warren Case regarding indebtedness due at the time the guaranty was executed. In the case of International Harvester Co. v. Graber, there was no indebtedness due at the time the guaranty was executed. We are convinced that the rule announced to the effect that Warren was the agent of the W. T. Rawleigh Co., in so far as indebtedness already due is concerned, in securing the signature of the surety, is wrong, and the rule thus announced in that case is hereby expressly overruled. However, it seems to us that giving full effect to the rule announced in the W. T. Rawleigh Co. v. Warren Case, the appellants here would be justified in concluding that, so far as concerns any indebtedness owing to the school district from the bank at the time the bond was obtained, the cashier, Jacobson, was acting as an agent of the school district in securing the bond. Being of the opinion that the rule announced in the W. T. Rawleigh Co. v. Warren Case is wrong, and appellants apparently relying upon that decision in presenting this case to the court, we deem it to be in the interests of justice to allow appellants a new trial, whereat they might present their case knowing that the W. T. Rawleigh Co. v. Warren Case would not be followed by this court to its logical conclusion.

 The trial court concluded as a matter of law that the appellants were estopped from interposing the defense of fraud and misrepresentation. The facts upon which this estoppel is based

are not entirely clear from the findings made by the lower court. If estoppel is material, it is, of course, necessary for the plaintiff to establish that, in reliance upon the bond signed by appellants' it changed its position to its detriment. Sutton v. Consolidated Apex Min. Co., 15 S. D. 410, 89 N. W. 1020; Street v. Farmers' Elev. Co., 33 S. D. 601, 146 N. W. 1077, on rehearing, 34 S. D. 523, 149 N. W. 429; Bon Homme County Bank v. Dakota Nat. Bank, 50 S. D. 191, 208 N. W. 825. In view of the fact that the case will in all probibility be retried, we make the following observations with reference to this question of estoppel. In the first place, the pledge of the bonds by the bank to secure the school district deposit was unlawful, and it is doubtful, in our opinion, that any detriment was caused to the school district by the release of the bonds to the bank. Section 8984, Rev. Code 1919, from its original enactment as section 33, art. 2, c. 222, Laws 1909, has prohibited any bank from giving a preference to any depositor or creditor by pledging the assets of the bank as collateral security. Certain exceptions have been made since the enactment of the original law in 1909, but these exceptions do not include the deposits of school districts. Hirning v. Toohey, 50 S. D. 457, 210 N. W. 723; Strain v. Potter County, 63 S. D. 24, 256 N. W. 147; Ruden v. City of Platte, 62 S. D. 215, 252 N. W. 32. There is no finding that the school district would have withdrawn its money had the bond not been furnished and, in view of the finding by the court set out above, to the effect that "the Bank of Wakonda was not in good shape and was not all right financially, but was insolvent throughout the entire month of August, 1931, and down to and including September 23rd, 1931," it appears somewhat doubtful that the school district could have withdrawn from the bank on August 12, 1931, the date the bond was accepted, a deposit as large as $14,000, had it elected so to do.

It seems apparent to us that, if the facts are sufficient upon which to predicate an estoppel, they should be more fully developed and found by the court.

The judgment appealed from is reversed.

WARREN, P. J., and CAMPBELL and ROBERTS, JJ., concur.

POLLEY, J., dissents.