**REDFIELD INDEPENDENT SCHOOL DIST. NO. 20. v. SCHNETZER.***

No. 10927.

Circuit Court of Appeals, Eighth Circuit.

Feb. 8, 1938.

W. F. Bruell and W. H. Beckman, both of Redfield, S. D., for appellant.

Cloyd D. Sterling, of Redfield, S. D. (Sterling, Clark & Grigsby, of Redfield, S. D., on the brief), for appellee.

Before STONE, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The receiver of the American National Bank of Redfield, S. D., brought this action against Redfield Independent School District No. 20, of South Dakota, to recover the difference between the amount the school district had received upon the assumption that it was a secured creditor of the bank and the amount it would have received had it been classed as a general creditor. The case was tried to the court upon a stipulation of facts, and, from a judgment for the receiver, the school district has appealed.

At the time the bank was taken over by the Comptroller of the Currency, December 11, 1930, it was indebted to the school district in the sum of $6,843.17; that being the credit balance of the school district in its checking account with the bank. The bank had attempted to give security for this deposit by pledging a $10,000 Liberty

*Rehearing denied March 1, 1938.

bond, which, under an agreement between the bank and the school district, made on April 6, 1927, was held by the Federal Reserve Bank of Minneapolis as escrow agent. It was in reliance upon this pledge and similar prior pledges of securities by the bank that the school district had, since 1925, deposited its funds in the bank. After the bank closed, the then receiver, obviously in the belief that the school district was a secured creditor of the bank, agreed with the officers of the school district that the bond should be sold and the school district paid in full from the proceeds. With authority from the Comptroller of the Currency, the receiver applied for and procured an order of a court of record of South Dakota authorizing the sale of this asset of the bank and the proposed payment of the deposit liability of the bank to the school district. At the receiver's direction, the Federal Reserve Bank sold the bond and, from its proceeds, paid the school district in full on February 11, 1931. The general creditors of the bank have received dividends aggregating 50 per cent. of their claims. The remaining assets of the estate of the bank are not sufficient to pay creditors in full.

This action was commenced November 19, 1935, upon the theory that the pledge was void; that the school district was a general creditor and had secured an unlawful preference by reason of having received payment in full. The trial court held that the pledge was void; that the school district was an unsecured creditor which had, by mistake, received an overpayment out of the assets of the insolvent estate; and that the receiver was entitled to recover the overpayment with interest. Judgment was entered accordingly.

The school district asserted that it could not be required to repay any part of what it had received, because (1) the pledge was not ultra vires; (2) estoppel would bar recovery; (3) there was a constructive trust in favor of the bank; (4) the action was barred by limitations; and (5) the order of the state court authorizing the sale of the bond and the payment of the school district would bar a recovery.

Apparently all of the questions raised have already been authoritatively decided by this court or other courts.

■■ 1. The pledge by the bank of the bond to secure the deposit of the school district, being ultra vires, was void unless, under the laws of South Dakota, state banks were authorized to pledge assets to secure deposits of school districts. Marion v. Sneeden, 291 U.S. 262, 263, 54 S.Ct. 421, 78 L.Ed. 787. If the laws of South Dakota permitted state banks to give security for such deposits, this pledge was validated by the national bank enabling amendment of June 25, 1930, c. 604, 46 Stat. 809, 12 U.S.C. § 90, 12 U.S.C.A. § 90, which granted power to national banks to give security for the safe-keeping and prompt payment of deposits of public funds where such banks were located in states under the laws of which other banking institutions were permitted to give security for such deposits. McNair v. Knott, 58 S.Ct. 245, 82 L.Ed. ——. In Wakonda Independent Consol. School Dist. No. 1 v. McCullough, 63 S.D. 370, 258 N.W. 838, at page 840, decided February 18, 1935, the Supreme Court of South Dakota held that the statutes of South Dakota did not permit a state bank to pledge government bonds as security for the deposit of a school district, saying: "Section 8984, Rev.Code 1919, from its original enactment as section 33, art. 2, c. 222, Laws 1909, has prohibited any bank from giving a preference to any depositor or creditor by pledging the assets of the bank as collateral security. Certain exceptions have been made since the enactment of the original law in 1909, but these exceptions do not include the deposits of school districts. Hirning v. Toohey, 50 S.D. 457, 210 N.W. 723; Strain v. Potter County, [63 S.D. 24], 256 N.W. 147; Ruden v. City of Platte, [62 S.D. 175], 252 N.W. 32."

Egan Independent Consol. School Dist. v. Minnehaha County, S.D., 270 N.W. 527, 108 A.L.R. 572, did not modify or overrule this decision; a different question being involved. Since this court follows the interpretation put upon state statutes by the highest court of the state, Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, 979, it is apparent that the pledge given by the bank was void, and that the school district was a general, and not a secured, creditor of the bank. When the school district was paid in full, it secured an unlawful preference which it was not entitled to retain and for which it should be required to reimburse the insolvent estate, unless the conduct of the receiver or the Comptroller, for some reason, precludes recovery.

■■ 2. The receiver was not estopped to assert the invalidity of the pledge. Tex-

as & Pac. Ry. Co. v. Pottorff, 291 U.S. 245, 260, 261, 54 S.Ct. 416, 420, 78 L.Ed. 777. The mistake of the receiver in paying to the school district more than it was entitled to receive does not estop his successor or prevent a recovery of this overpayment. Such voluntary payments made by officers of the United States under a mistake of law are recoverable. Wisconsin Central R. R. Co. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399; Talcott v. United States, 9 Cir., 23 F.2d 897; Champ Spring Co. v. United States, D.C., 38 F.2d 988, affirmed, 8 Cir., 47 F.2d 1; Granzow v. Village of Lyons, Ill., 7 Cir., 89 F.2d 83, 85.

3. Since the bank and the school district both acted in the utmost good faith upon an honest misconception of the law, and since there was no identifiable res upon which to impress a trust, no constructive trust arose in favor of the school district with respect to the assets of the bank. Texas & Pacific Ry. Co. v. Pottorff, 291 U.S. 245, 261, 262, 54 S.Ct. 416, 420, 78 L.Ed. 777.

4. This action was not barred by the South Dakota statute of limitations. Section 2298, Rev.Code 1919, section 2298, Compiled Laws South Dakota 1929, permits the bringing within six years of "an action upon a contract, obligation or liability, express or implied" (with exceptions not here material). This being an action to recover money paid to the school district by mistake on February 11, 1931, which it is under an implied obligation to return, the action was commenced in time. Futrall v. City of Pine Bluff, Ark., et al., 8 Cir., 87 F.2d 711; Early v. City of Helena, Ark., et al., 8 Cir., 87 F.2d 831; Webb v. Powell, 5 Cir., 87 F.2d 983.

5. The order of the state court authorizing the sale of the pledged bond and the payment of the school district in full would not bar a recovery in this action. It was an order approving a proposed administrative act of the receiver, who was not an officer of the court, but an agent of the Comptroller. No issue was adjudicated. The order was an ex parte consent order. Whatever jurisdiction the court had was derived from section 5234, U.S. Revised Statutes, as amended, 12 U.S.C. § 192, 12 U.S.C.A. § 192, which provides that a receiver, under the direction of the Comptroller of the Currency, "upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such association [national bank], on such terms as the court shall direct." The state court acquired no jurisdiction to determine the validity of the pledge or to direct the disbursement of the proceeds derived from the sale of the bond. Its order is not res judicata. Granzow v. Village of Lyons, Ill., 7 Cir., 89 F.2d 83, 86, and cases cited.

The judgment of the court below was correct, and is affirmed.