## UNITED STATES v. BENTLEY.

District Court, W. D. New York.
March 13, 1939.

George L. Grobe, U. S. Atty., of Buffalo, N.Y. (Goodman A. Sarachan, of Rochester, N.Y., of counsel), for the United States.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N.Y. (Justin Doyle, of Rochester, N.Y., of counsel), for defendant.

BURKE, District Judge.

The defendant, a veteran of the World War, made application to the Secretary of War for the benefits to which he was

entitled under the World War Adjusted Compensation Act, 38 U.S.C.A., Chapter 11, § 591 et seq. The Secretary of War certified to the Director of the Veterans' Bureau that the defendant was entitled to an adjusted service credit of $500. Thereupon the Director issued to the defendant an adjusted service certificate dated January 1st, 1925, in the sum of $1,246, based upon the certification made by the Secretary of War of the defendant's adjusted service credit. On March 30, 1935, the defendant obtained a loan through the Veterans' Administration upon his certificate, in the amount of $623, no part of which has been repaid. On November 21, 1935, the War Department recertified a reduction in the amount of defendant's adjusted service credit from $500 to $149, under the alleged requirement of Section 202(b) of the World War Adjusted Compensation Act, 38 U.S.C.A. § 602(b), the deduction being for the period of defendant's service subsequent to November 8, 1917, when he accepted a provisional appointment as a commissioned officer in the regular army. Based upon the recertification of his adjusted service credit, the face value of defendant's certificate was reduced from $1,246 to $371. The Government sues here to recover the difference between the amount advanced to defendant as a loan on his certificate and the face value of the certificate based on the recertification, the amount demanded being $252 with interest. The defendant denies liability and counter-claims for the difference between the amount advanced to him as a loan and the face value of the certificate as originally issued. The facts are not in dispute. Both parties move for summary judgment.

■ The defendant admits that from some date in 1917 until his retirement on June 28th, 1919, he served under a provisional commission as Second Lieutenant at first and later as First Lieutenant in the regular army. Whether or not he stated this fact in his application for benefits under the section does not expressly appear. It may be assumed, however, for the purpose of this motion that this was known to the War Department either from the application or from the records of the War Department, at the time the certification was made.

■ Clearly the defendant was not entitled under the statute to allowance on adjusted service credit for time spent in the army, after November 8, 1917, when he accepted provisional appointment as a commissioned officer. 38 U.S.C.A. § 602(b). Nevertheless, under the original certification by the War Department, he received credit for such time and the amount of the original adjusted service certificate was based on that erroneous certification. The defendant contends that the certification of the Secretary of War, even though erroneous, may not be changed because of the provision of the statute relating to finality of decisions of the Secretary of War, Secretary of Navy and the Administrator, on all matters within their respective jurisdictions. 38 U.S.C.A. § 620.

■ With this I cannot agree. In computing the defendant's adjusted service credit, the Secretary of War was performing a purely ministerial act. Nothing was left to his discretion nor for his decision. It was plain computation from the records as the statute directed. If he varied from the direction of the statute as he manifestly did in making allowance to the defendant on adjusted service credit for time spent in the army under a provisional commission, he acted beyond his power and authority and the effect of his illegal act may be rectified. It will be noted that Section 620 regarding finality of decisions relates to decisions on matters "within the respective jurisdiction" of the various officials. This means conclusions based upon facts as to which the officers were free to exercise their judgment. Under the facts here no such discretion was left to the Secretary of War. He was not free to act according to his judgment in certifying adjusted service credit, but was limited to the direction of the statute. He committed no error of judgment in making the certification. He over-looked, undoubtedly through inadvertence, the unequivocal provision of the statute denying the defendant the right to credit for time spent under a provisional commission.

In Butte, Anaconda & Pacific Ry. Co. v. United States, 290 U.S. 127, 54 S.Ct. 108, 109, 78 L.Ed. 222 relied upon by the defendant, the court held that recovery was properly denied the Government. In that case, however, what the Government claimed to be a mistake in the disbursement of money to the defendant was held by the court to be a charge "not of mistake, but of error of judgment—a judgment necessarily exercised in the performance of the duties of office." There the officials misconstrued the word "deficit" so as to improperly extend the scope of the section in-

volved. The court said "Neither the Commission in issuing the certificate, nor the Secretary of the Treasury, the Comptroller General, or the Treasurer, when co-operating to make the payment, labored under any mistake of fact; or overlooked any applicable rule of law; or was guilty of any irregularity in proceeding. Moreover, if the word 'deficit' was misconstrued the error was not due to inadvertence. * * * In making those decisions the Commission would necessarily act in quasi judicial capacity. If it misconstrued the term 'deficit,' it committed an error; but it did not transcend its jurisdiction. * * * Under section 204, the Commission exercises functions broader than those customarily conferred upon auditing or disbursing officers. It sits as a special tribunal to hear and determine the claims presented. Compare Work v. U. S. ex rel. Rives, 267 U.S. 175, 182, 45 S.Ct. 252, 69 L.Ed. 561; Great Northern Ry. Co. v. United States, 277 U.S. 172, 182, 48 S.Ct. 466, 72 L.Ed. 838. It renders a judgment upon a full hearing".

There was no mistake of fact in the case at bar. It is assumed that the Secretary of War in making the certification was in full possession of the facts as to the defendant's provisional appointment; there was, however, a failure on the part of the Secretary of War to apply the law to the known facts. Allowance was made to the defendant on adjusted service credit for time spent under a provisional commission in direct violation of the statute. Whether it was inadvertent or by design is immaterial. The mandate of the statute was disregarded. The certification thus made was unauthorized. The government is not bound by it. Wisconsin Central R. R. Co. v. United States, 164 U.S. 190, 210, 17 S.Ct. 45, 41 L.Ed. 399; St. Louis Union Trust Co. v. United States, 8 Cir., 82 F.2d 61, 65; Krupnick v. Peoples State Bank of South Carolina, 4 Cir., 94 F.2d 19, 24; Redfield Independent School District v. Schnetzer, 8 Cir., 94 F.2d 257, 259; United States v. Wurts, 303 U.S. 414, 415, 58 S.Ct. 637, 82 L.Ed. 932.

In view of the charge in the complaint, abandoned on the argument, that the defendant wrongfully obtained the loan and converted the proceeds to his own use, it seems appropriate to say that there is no suggestion of any wrongful conduct upon the part of the defendant. It is not surprising that the defendant should be con-fused at the application of the statute when it appears that the certification was erroneously made by the War Department, whose personnel might be expected to understand and properly apply the law, and when it appears that even the finance officer who was chosen to notify the defendant of the error in the certification did not understand the reason for the change.

The counter-claim should be dismissed and the plaintiff should have judgment for the amount demanded in the complaint.