[Criminal No. 80.  Filed January 26, 1894.]

[36 Pac. 207.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. DANIEL WEST, Defendant and Appellant.

1. CRIMINAL LAW—INDICTMENT—ASSAULT WITH INTENT TO COMMIT MURDER—ASSAULT WITH A DEADLY WEAPON—SUFFICIENCY OF INDICTMENT FOR FORMER CRIME TO CONSTITUTE GOOD INDICTMENT FOR LATTER.—Where appellant was tried under an indictment for assault with intent to commit murder, and the crime of assault with a deadly weapon was charged therein under the general designation of a "felony," and the kind of instrument or weapon with which the assault was made was therein fully described, and the mode in which it was used, so that, as a matter of law, said weapon, as described and used, was a *deadly* weapon, such indictment charges the appellant with the crime of assault with a deadly weapon as

fully as if the pleader has added thereto the particular name of the offense, by setting it out in the indictment in the exact language of the statute.

2. SAME—SAME—ASSAULT WITH INTENT TO COMMIT MURDER—ASSAULT WITH DEADLY WEAPON—LATTER NOT PART OF FORMER OFFENSE—WHEN LATTER OFFENSE FULLY CHARGED IN INDICTMENT FOR FORMER CONVICTION FOR LATTER WILL BE SUSTAINED.—Though the crime of assault with a deadly weapon is not a part of the crime of assault to commit murder, if in the indictment charging the last-mentioned offense the former is fully charged, a conviction for the former offense thereunder would be valid.

3. JURY — INSTRUCTION — AMBIGUITY — IN SPECIAL INSTRUCTION—CORRECTNESS TESTED BY ALL INSTRUCTIONS.—The instructions in a case must all be considered together; and if, when considered together, they present the law of the case, the verdict will not be disturbed, even though the phraseology of an individual instruction may be confusing.

4. SAME—SAME—NECESSITY FOR REQUEST.—In the absence of a request for an instruction defining a deadly weapon, the court is not compelled to give such instruction.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. John J. Hawkins, Judge.

The facts are stated in the opinion.

J. F. Wilson, for Appellant.

Francis J. Heney, Attorney-General, and J. C. Herndon, District Attorney, for Respondent.

ROUSE, J.—Appellant was indicted and tried for the crime of "an assault to commit murder," and a verdict was returned finding him guilty of "an assault with a deadly weapon." Judgment was pronounced against appellant, on said verdict, that he be imprisoned in the territorial prison; and he appealed, and urges as ground of error that the crime of which he was found guilty is not charged in the indictment against him, and for errors of the trial court in giving a certain instruction, and also in failing to give an instruction defining a "deadly weapon."

The indictment on which he was tried is as follows: ". . . The said Dan West is accused by the grand jury of said

county of Yavapai, by this indictment, of the crime of a felony, committed as follows, to wit: The said Dan West . . . did unlawfully, feloniously, willfully, deliberately, premeditatedly, and with malice aforethought, upon the body of one R. B. May, then and there being, commit an assault with a certain deadly weapon, to wit, with a pistol, generally called and known as a 'six-shooter'; said pistol then and there being loaded with leaden bullets and gunpowder, and then and there being held in the hands of the said Dan West, and said pistol then and there by said Dan West, being pointed towards, at, and near the body of said R. B. May, and said pistol then and there being cocked, and ready to be discharged, by unlawfully, willfully, feloniously, deliberately, premeditatedly, and of his malice aforethought, pulling the trigger of said pistol, and attempting to discharge the bullets from said pistol at, towards, near, and into the body of said R. B. May, the said Dan West then and there having the ability to discharge and fire the leaden bullets from the said pistol at, towards, near, and into the body of said R. B. May, with the . . . intent him, the said R. B. May, then and there to kill and murder. . . .''

The court gave a number of instructions requested by parties, among which was one for the territory, numbered 7. Appellant complains of said instruction. It is as follows: ''The court instructs the jury that, under the indictment in this case, they may find the defendant guilty of assault with intent to commit murder, or guilty of assault with a deadly weapon, when no considerable provocation appears, or when the circumstances of the assault show an abandoned and malignant heart; and if, after a full and careful consideration of all the evidence, the jury have a reasonable doubt that the defendant was guilty of an assault with intent to commit murder, but do believe from the evidence, beyond a reasonable doubt, that defendant is guilty of an assault with a deadly weapon upon the person of said R. B. May, where no considerable provocation appears, or under circumstances which show an abandoned and malignant heart, then the jury should so find by their verdict.'' By said instruction the jury were advised that if they had a reasonable doubt of defendant's guilt of the crime of an assault to commit murder, they might find

defendant guilty of the crime of an assault with a deadly
weapon. The indictment is good as a charge for an assault
to commit murder, and it also contains allegations which
make it a good charge for an assault with a deadly weapon.
An indictment is an accusation in writing, presented by the
grand jury to a competent court, charging a person with a
public offense. Pen. Code., par. 1409. The term "public
offense" in this territory has the same meaning as the word
"crime," and they may be used interchangeably. They are
defined to mean an act committed or omitted in violation of
a law forbidding or commanding it. Pen. Code, par. 15.
Crimes are divided into felonies and misdemeanors. Pen.
Code, par. 16. A felony is a crime which is punished with
death, or by imprisonment in the territorial prison. Pen.
Code, par. 17. An indictment must contain the title of the
action, the names of the parties, a statement of the acts con-
stituting the offense, in ordinary and concise language, and in
such manner as to enable a person of common understanding
to know what is intended. It is sufficient if, in the indictment,
the name of the crime is given in its legal appellation, such as
murder, arson, manslaughter, burglary, or the like, or to
designate it as a felony, with a statement thereafter of the
acts or omissions constituting the offense. The indictment
must be certain as to (1) the party charged; (2) the offense
charged; (3) the particular circumstances of the offense
charged, when they are necessary to constitute a complete
offense. In this territory, a crime which may be punished
by imprisonment in the territorial prison, or by a fine or im-
prisonment in the county jail, is a felony, if imprisonment in
the territorial prison be imposed. Pen. Code, par. 17. "An
assault with a deadly weapon" is defined as follows: "Every
person who commits an assault upon the person of another
with a deadly weapon or instrument, or by any means or force
likely to produce great bodily injury, is punishable by im-
prisonment in the territorial prison not less than one, nor more
than five years, or by fine not exceeding five thousand dollars,
or by both." Pen. Code, par. 394. Applying the foregoing
tests to the indictment, we find appellant was accused of
a felony; that the crime of an assault with a deadly weapon,
of which he was convicted, was charged in said indictment,
under the general designation of a "felony"; that the kind of

instrument or weapon with which the assault was made was therein fully described, and the mode in which it was used, so that, as a matter of law, said weapon or instrument, as described and used, was a deadly weapon. The indictment therefore charged the appellant with the crime of an assault with a deadly weapon as fully and as completely as if the pleader had added thereto the particular name of the offense by setting it out in the indictment in the exact language of the statute. We agree with the view of the learned counsel for appellant that the crime of an assault with a deadly weapon is not a part of the crime of an assault to commit murder. But if in the indictment charging the last-mentioned offense the former is fully charged, we cannot discover by reason or authority why a conviction therefor would not be valid.

The giving of the instruction complained of, in so far as it advised the jury that they could return a verdict of guilty of an assault with a deadly weapon, was not error. The instructions in a case must all be considered together; and if, when considered together, they present the law of the case, the verdict will not be disturbed, even though the phraseology of an individual instruction may be confusing. Tested by this rule, we find no reversible error in the giving of said instruction.

Counsel for appellant contends that the court should have defined a "deadly weapon," and in failing to do so the case should be reversed. In support of his position, he cites the case of *People* v. *Fuqua,* 58 Cal. 245. In that case, after the jury retired to consider their verdict, they returned into court, and asked for an instruction defining a "deadly weapon." In a debate between the court and jury, the jury were informed that they must assume that responsibility. The supreme court held that it was the duty of the court to define what was a deadly weapon; that it was a question of law, for the court to settle. We accept that as a correct proposition, as a rule. Bishop on Criminal Law, sec. 335; Bishop on Statutory Crimes, sec. 320. Under the facts of that case, the failure to define a "deadly weapon" was error. But we cannot construe that case to be a decision requiring a court to define "deadly weapon" in every prosecution for an assault with a deadly weapon. We decided at this term that if the parties ask special instructions, the court must pass upon

them, and give or refuse them; further, that the court was not compelled to give instructions unless instructions were requested. *United States* v. *Chung Sing, post,* p. 217, 36 Pac. 205. In the case before us the indictment described the weapon and the manner in which it was used. As described, and the manner in which it was used, the weapon was a deadly weapon. If, from the description of the weapon and the manner of its use, as set forth in the indictment, or from the evidence on the trial of the case, the deadly character of the weapon had been in doubt, and if the court had been requested to instruct thereon, and had failed to do so, then it would have been error, and the case would have had to be reversed. Finding no error in the record, the judgment of the district court is affirmed.

BAKER, C. J.—I concur in the judgment, but do not agree with some of the reasons given, and think that others are not necessary to the result. The indictment charges an assault with intent to murder, and avers that the assault was made with a deadly weapon. This being so, the last-named offense is necessarily included in the former; and for that reason the jury was very properly told that it could find defendant guilty of the lesser offense. Pen. Code, par. 1715; *People* v. *Pape,* 66 Cal. 366, 5 Pac. 621. The defendant, having failed to request the court to define what constitutes a deadly weapon, cannot be heard to complain of his own neglect. Pen. Code, pars. 1677, 1678; *People* v. *Flynn,* 73 Cal. 511, 15 Pac. 102.

SLOAN, J., concurs in the judgment.