STATE, Plaintiff v. WAGNER, Defendant

(196 N.W.2d 360)

(File Nos. 11102, 11113. Opinion filed April 17, 1972)

**Arnold C. Jones,** Deputy State's Atty., Rapid City, for plaintiff.

**James W. Olson,** Rapid City, for defendant.

BIEGELMEIER, Judge.

Petitions for permission to appeal from intermediate orders (SDCL 15-26-10 and SDCL 23-51-5) have heretofore been determined only by order; however, by reason of the importance of questions of procedure hereafter mentioned it was deemed advisable to write an opinion.

In #11102 the state has attempted to appeal from what is denominated an order of the Municipal Court of the City of Rapid City granting a defendant's motion to suppress certain evidence and from the court's final judgment granting defendant's motion to dismiss the state's complaint, and in #11113 the state has filed a petition for an intermediate appeal from each of said rulings. It appears that defendant was charged with a criminal offense by the filing of a preliminary complaint or information; that while the complaint and papers thereafter filed were titled in the municipal court, under SDCL 23-19-1 it was deemed presented to a magistrate, that is, the judge of the municipal court, and all proceedings therein, including the preliminary hearing, were before the judge as a committing magistrate under SDCL 23-21-3 and 23-21-4 and not acting for or on behalf of the court as such. See SDCL 23-21-4 which designates persons who are magistrates and includes judges of all courts. All orders and rulings therein were entered by him as a committing magistrate. In State v. Ferguson, 48 S.D. 346, 204 N.W. 652, the court stated:

"It is sufficient answer to this contention to point out that a committing magistrate, conducting a preliminary examination in a criminal case, is not a 'court' within the meaning of this section of the Constitution.

" 'A preliminary hearing is in no sense a trial. * * * Such county judge, when sitting as a magistrate, is not sitting as a county court any more than would a justice of this court, if sitting as a magistrate upon a preliminary hearing, be sitting as the Supreme Court.' "

and further:

" \* \* \* we hold a committing magistrate as such is not a court, and does not exercise in any strict sense judicial power".

That the ruling of a committing magistrate at a preliminary hearing is not a final judgment of a court, a trial or a bar to subsequent prosecution in the event a defendant is not held to answer the charge was stated in State v. Reggio, 84 S.D. 687, 176 N.W.2d 62, in the following words:

"One of its (a preliminary hearing's) principal purposes is to insure an accused that he will not be called upon to stand trial until a magistrate has determined after such examination that a public offense has been committed and that there is sufficient cause to believe the defendant guilty thereof. SDCL 23-27-16. Our statutes do not prevent a subsequent prosecution for the same offense if he is discharged as a result of the examination. It is in no sense a trial of the person accused."

The authority of the magistrate is set out in SDCL 23-27; as to the disposition of the hearing he is directed either to discharge the defendant, SDCL 23-27-13, or hold him to answer the offense, SDCL 23-27-16. Disposition of property seized under a search warrant is provided for in SDCL 23-15-18 through 23-15-23. A reading of our statutes shows the general use of the term magistrate. See SDCL 23-15, 23-16, 23-17, 23-21, 23-22 and 23-23. The distinction of a person acting as a judge of a court and a magistrate is shown by the tenor of applicable statutes, especially those that direct actions by the magistrate to be taken thus: "I order him to be discharged", SDCL 23-27-13; "I order that he be held to answer the same", SDCL 23-27-16; and "I have admitted him to bail", SDCL 23-27-18. Through inadvertence the legislature in enacting Ch. 118, S.L. 1966, now SDCL 23-27-11, provided that an action started before a justice of the peace could be transferred to a municipal or county court rather than to judges of these courts as committing magistrates.

The present proceeding is not within the reach of SDCL 23-27-11, but is mentioned as it is not in accord with the other stat-

utes above cited; we call attention to it for such consideration and correction as the legislature may deem necessary.

 The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it. State v. Davis, 77 S.D. 87, 86 N.W.2d 174. In criminal actions SDCL 23-51-2 grants the right of the state to appeal from orders and judgments there listed, and SDCL 23-51-5 authorizes the Supreme Court to permit an appeal from an intermediate order. The references there to orders and judgments are to those of a court, not to rulings of a magistrate.

 Incidentally, the rulings complained of are not within the four categories stated in SDCL 23-51-2. The state's notice of appeal refers to the appeal as being from a final judgment of the municipal court; as appears herein, the judge of the municipal court was acting as magistrate and the rulings were those of a magistrate and not of a court. In any event, under SDCL 23-51-2 no appeal may be taken to this court from a decision of a committing magistrate.

An order will be entered in #11102 dismissing the state's appeal, and in #11113 an order will be entered denying the petition for an intermediate appeal.

All the Judges concur.