JANKLOW, Applicant v. KELLER, Respondent

(238 N.W.2d 688)

(File No. 11726. Opinion filed February 20, 1976)

**William J. Janklow**, Atty. Gen., **Doyle D. Estes**, Asst. Atty. Gen., Pierre, for applicant.

**David V. Vrooman**, Sioux Falls, for intervenors.

WINANS, Justice.

This action comes before the Court upon an application of the Attorney General for the State of South Dakota for an alternative writ of prohibition. Upon the application it was ordered that the Respondent Magistrate desist from any further proceeding to hear and rule on certain demurrers before him until the further order of this Court. The facts as they are relevant to our disposal of the matter are not in dispute and may be summarized briefly as follows: On June 25, 1975, a preliminary proceeding was commenced in magistrate court before the Honorable Marvin D. Keller, a law trained magistrate sitting as a

committing magistrate in the cases of State v. Rich William Christianson, State v. Rodney John Ensz, State v. John White, and State v. Robert William Hadrath. After bond was set, the attorney for defendants filed demurrers in each of the cases to the preliminary informations filed against the defendants challenging the constitutionality of the statutes which his clients were charged with having violated. Over objection by the State the magistrate set a date for hearing upon said demurrers. Upon application we issued the writ before referred to and after oral argument requested submission of written briefs which were later filed. The magistrate also made a response praying that the application for the alternative writ of prohibition be dismissed and that the relief requested be denied.

We have for decision but one broad question: Does a committing magistrate have jurisdiction to rule on a demurrer filed at the time of a preliminary hearing to the preliminary information? For the reasons appearing hereafter, it is our holding that no magistrate, sitting as a committing magistrate, has such jurisdiction within our state's judicial system.

Counsel for intervenors-defendants in this matter would restrict the question to the jurisdiction of a law trained magistrate to receive demurrers at a preliminary hearing. We hold, however, that the question pertains to anybody authorized by our law to sit as a committing magistrate, be that person a supreme court justice, a circuit judge, a lawyer or a layperson. In State v. Ferguson, 1925, 48 S.D. 346, 204 N.W. 652, this Court said:

> "A preliminary hearing is in no sense a trial. [citations omitted] Such county judge, when sitting as a magistrate, is not sitting as a county court any more than would a justice of this court, if sitting as a magistrate upon a preliminary hearing, be sitting as the Supreme Court."

Whatever else his or her qualifications for office, whoever sits as a committing magistrate is sitting solely as a committing magistrate and we see no distinction in this regard among any of

the possible persons authorized to exercise this very limited function. Respondent magistrate appears to be of the opinion that he necessarily had jurisdiction to receive and rule on the demurrers because our statutes require that the defendant be either discharged (SDCL 23-27-13) or held (SDCL 23-27-16) upon finding that a public offense has or has not been committed and finding that there is or is not sufficient cause to believe the defendant guilty of the commission of such a public offense.[1] If the public offense charged is unconstitutional it is not a public offense at all and therefore, the magistrate would hold, he could not hold defendant over for such an apparent violation. While it is true that our law makes provision for such a demurrer we hold that a preliminary hearing is not the place for the motion and a committing magistrate is not the official before whom the motion can be made.

 We have previously held that a committing magistrate as such is not a court and does not exercise in any strict sense judicial power. State v. Wagner, 1972, 86 S.D. 382, 196 N.W.2d 360; State v. Ferguson, 1925, 48 S.D. 346, 204 N.W. 652. The magistrate's authority is therefore limited and does not extend to adjudicating constitutional questions. When the statutes make him responsible for determining whether or not a public offense has been committed we understand such a determination to be only whether or not there is in question an act or omission for which the law has prescribed a punishment, Stratton v. Commonwealth, 1953, Ky., 263 S.W.2d 99, or whether or not an act has

---

1. SDCL 23-27-13. "After hearing the evidence and the statement of the defendant, if he has made one, if it appears either that a public offense has not been committed, or that there is no sufficient cause to believe the defendant guilty thereof, the magistrate must order the defendant to be discharged, by an endorsement on or attached to the preliminary information over his signature to the following effect:
 "There being no sufficient cause to believe the within named A. B. guilty of the offense within mentioned, I order him to be discharged."

 SDCL 23-27-16. "If, however, it appears from the examination that a public offense has been committed and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must, in like manner, endorse on or attach to the preliminary information an order signed by him, to the following effect:
 "It appearing to me that the offense in the within information mentioned (or any other offense, according to the fact, stating generally the nature thereof) has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same."

been committed or omitted in violation of a law forbidding or commanding it. West v. Territory, 1894, 4 Ariz. 212, 36 P. 207. The statutes here mean this and no more.[2]

Intervening defendants are not without recourse or without opportunity to demur, however. SDCL 23-35-15 permits such a motion at the arraignment and SDCL 23-36-8 specifies as a ground for a demurrer a failure of an information or an indictment to describe a public offense. SDCL 23-36-11 in similar fashion requires presentation of a demurrer in *open court* at the *arraignment* "or at such other time as may be allowed the defendant for that purpose." SDCL 23-36-9 specifically permits objection for failure to describe a public offense to be made at trial.

We hold therefore that a committing magistrate is restricted to making a finding on whether or not a public offense has been committed in the sense that a law has been violated. It is for those who preside at arraignments, trials in circuit court and on appeal to decide the constitutionality of public offenses or violated laws.

The alternative writ heretofore entered will be made permanent and respondent will be restricted from a ruling on the demurrers.

DUNN, C. J., and WOLLMAN and DOYLE, JJ., concur.

COLER, J., concurs specially.

COLER, Justice (concurring specially).

I agree with the majority of the court that the issue of con-

---

2. SDCL 22-1-3. *Acts constituting crime—Punishments.* — A crime or public offense is an act or omission forbidden by law, and to which is annexed, upon conviction, one or more of the following punishments:
 (1) Death;
 (2) Imprisonment;
 (3) Fine;
 (4) Removal from office; or
 (5) Disqualification to hold and enjoy any office of honor, trust, or profit under this state.

stitutionality of a statute cannot be raised by demurrer in a preliminary hearing before a magistrate. Neither SDCL 23-35-15, 23-36-8, 23-36-9 nor 23-36-11 et seq. has any application to preliminary examinations. State ex rel. Stevenson v. Jameson, 1960, 78 S.D. 431, 104 N.W.2d 45. A magistrate has not been given authority as a judge of a court of limited jurisdiction to issue original or remedial writs as have judges, S.D.Const. Art. V, § 5, and I would in no way equate magistrates' jurisdiction with that of judges or justices.