STATE of South Dakota, Plaintiff
and Appellee,

v.

Susan Lynn HOXENG (13498),
Defendant and Appellant.

STATE of South Dakota, Plaintiff
and Appellee,

v.

Keith Allen WYLIE (13499),
Defendant and Appellant.

Nos. 13498, 13499.

Supreme Court of South Dakota.

Jan. 13, 1982.

Larry Hosmer, Yankton County State's Atty., Yankton, for plaintiff and appellee.

C. E. Light, Yankton, for defendants and appellants.

PER CURIAM.

Defendants appeal from judgments of conviction entered by a law-trained magistrate after a jury trial. On our own motion and without requesting briefs, we dismiss the appeals.

This Court has only "such appellate jurisdiction as may be provided by the Legislature." S.D.Const. art. V, § 5. "The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it." *State v. Wagner*, 86 S.D. 382, 385, 196 N.W.2d 360, 361 (1972).

SDCL 16–6–10 vests in the circuit court "jurisdiction of appeals from all final judgments, decrees or orders of all courts of limited jurisdiction ...." Magistrate courts are, of course, courts of limited jurisdiction. See SDCL ch. 16–12A. Moreover, the legislature has provided that appeals from magistrate court shall be taken to the circuit court.

Except where appeal is denied by law there shall be a right of appeal to the circuit court from any final order or judg-

ment of the magistrate court and such appeal shall be taken in the manner prescribed by law or rule for appeals to the circuit court.

SDCL 16–12A–27.

This Court has adopted rules governing the manner in which appeals are taken from magistrate court to the circuit court. See SDCL ch. 15–38 (Supreme Court Rule 78–4).

We conclude, then, that with the one exception provided by SDCL 23A–32–5 (appeals by the State from certain pre-trial orders of a circuit court or magistrate), there is no right of direct appeal from magistrate court to the Supreme Court. In reaching this conclusion, we have not overlooked SDCL 23A–32–2, which provides that, "An appeal to the Supreme Court may be taken by the defendant from final judgment of conviction." Statutes should be construed to give effect to the provisions of each if it can be done by any fair and reasonable construction. See, e.g., *In the Matter of Sales Tax Refund Applications*, 298 N.W.2d 799 (S.D.1980); *Hirning v. Toohey*, 50 S.D. 457, 210 N.W. 723 (1926). We conclude that the legislature did not intend that SDCL 23A–32–2 should abrogate the provisions of SDCL 16–12A–27. Accordingly, the instant appeals are not properly before us.*

The appeals are dismissed.

* We understand that appellants also filed timely notices of appeal in the circuit court pending

our resolution of this jurisdictional issue.