**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Greg Eugene HORST, Defendant and Appellee.**

**No. 18054.**

Supreme Court of South Dakota.

Considered on Briefs March 18, 1993.

Decided Aug. 11, 1993.

Mark W. Barnett, Atty. Gen., Frank Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellant.

Steven R. Binger, Sioux Falls, for defendant and appellee.

WUEST, Justice.

ACTION

The State of South Dakota appeals from a circuit court order dismissing an appeal

filed in circuit court on the grounds that the appeal was filed with the wrong court. We affirm.

## FACTS

An information was filed in the magistrate division of the circuit court in the Second Judicial Circuit charging Greg Eugene Horst (Horst) with driving while under the influence of alcoholic beverages in violation of SDCL 32–23–1. Part II of the information charged that Horst had previously been convicted of SDCL 32–23–1. The offense is a Class 1 misdemeanor. SDCL 32–23–3.

Circuit Judge Judith K. Meierhenry presided over Horst's jury trial. He was found guilty and sentenced. Judge Meierhenry granted Horst's motion for a new trial; notice of entry of order was filed.

The state filed a notice of appeal in circuit court appealing the order granting a new trial. Circuit Court Judge Richard D. Hurd filed an order dismissing the appeal. His letter to counsel explained his rationale:

In this case the defendant was tried and convicted of a misdemeanor DWI. The jury trial was presided over by Circuit Court Judge Judith Meierhenry. After conviction, Judge Meierhenry ordered a new trial.

The State seeks to appeal this order to the circuit court. Chapter 15–38 of South Dakota Codified Laws allows an appeal from magistrate court to circuit court. However, Chapter 16–12A of SDCL defines a magistrate court as one presided over by a magistrate and a magistrate is appointed under authority of Chapter 16–2A.

Circuit Judge Meierhenry is not a magistrate—even when doing work normally done by a magistrate. She is a Circuit Court Judge with general jurisdiction. An appeal from her court can only be heard by the South Dakota Supreme Court.

## ISSUE

### WHETHER THE CIRCUIT COURT HAD JURISDICTION TO HEAR THE PRESENT APPEAL?

■ The state contends that Circuit Judge Meierhenry was sitting as a law trained magistrate when she presided over Horst's trial. Therefore, according to the state, SDCL 16–12A–27 (right of appeal from magistrate to circuit court) would allow an appeal to circuit court.

The state cites *State v. Ferguson*, 48 S.D. 346, 204 N.W. 652 (1925), *State v. Wagner*, 86 S.D. 382, 196 N.W.2d 360 (1972), and *Janklow v. Keller*, 90 S.D. 168, 238 N.W.2d 688 (1976) as authority for this proposition. Each of these cases deals with committing magistrates. In *Ferguson*, state statutes at that time granted county judges the power to act as committing magistrates. 48 S.D. at 355, 204 N.W. at 655. At the time *Wagner* was decided, SDCL 23–21–4 designated persons who were magistrates; judges of all courts were included. 86 S.D. at 383, 196 N.W.2d at 360. And, in *Janklow*, we noted that anyone authorized by South Dakota law to sit as a committing magistrate sits solely as a committing magistrate when doing so. 238 N.W.2d at 690. A committing magistrate, however, is not a court and does not exercise judicial power in any strict sense. *Id.*

Under current South Dakota law, circuit court judges are authorized to act as committing magistrates. SDCL 23A–45–9. In this case, however, Judge Meierhenry was not acting as a committing magistrate; rather, she presided over a misdemeanor case. The issue is whether she was acting as a law trained magistrate or a circuit court judge.

Except as is permitted by constitutional or statutory provision, a judge cannot act for a court other than the one for which he was selected.

The jurisdiction of a judge being incident to, and growing out of, the jurisdiction of the court of which he is a member, a judge cannot, in the absence of authority of law, exercise the judicial functions of

a court for which he has not been selected ...

48A C.J.S., *Judges* § 69 (1981).

Horst was charged with a Class 1 misdemeanor. SDCL 32–23–3. Circuit courts have "original jurisdiction concurrent with courts of limited jurisdiction as provided by law to try and determine all cases of misdemeanor...." SDCL 16–6–12. Magistrate courts, "with law trained magistrates presiding shall have concurrent jurisdiction with the circuit courts to try and determine all cases of misdemeanor...." SDCL 16–12A–22.

A law trained magistrate means a magistrate appointed under the authority of SDCL Ch. 16–12A who is licensed to practice law in South Dakota. Law trained magistrates are appointed by the presiding judge of the circuit court and approved by the Supreme Court. SDCL 16–12A–4, 16–12A–4.1.

Under South Dakota law there are three provisions which deal with who is authorized to sit as a law trained magistrate when a law trained magistrate is busy, unable to act, or disqualified:

1) SDCL 16–12A–3.2:

If the business of a magistrate court with a law-trained magistrate presiding becomes congested or if a law-trained magistrate is, for any cause, unable to act, the Chief Justice of the Supreme Court may, by order, temporarily transfer to such magistrate court a law-trained magistrate from another circuit. The law-trained magistrate acting in a county other than one in his own circuit shall have all the powers and duties of a law-trained magistrate regularly appointed and qualified therein.

2) SDCL 16–12A–10.1:

Retired justices and judges, with their consent, may be authorized by the chief justice of the Supreme Court to preside in any action or proceeding, or over any term of court, in the magistrate court and when so authorized and acting, the orders, judgments and decrees of that court entered by him are as effectual for all purposes as though made by a regularly elected or appointed magistrate. The Supreme Court shall provide for the reimbursement of their expenses.

3) SDCL 23A–21–2:

If a defendant or prosecuting attorney in a criminal action prosecuted by information or complaint in a magistrate court makes an affidavit that he cannot have an impartial trial by reason of the bias or prejudice of the magistrate, the presiding circuit judge of the circuit in which the magistrate court is situated shall appoint a magistrate pro tempore for the trial of such action. The magistrate pro tempore shall preside at the trial and do any other act with reference thereto, as though he were the presiding magistrate of that magistrate court.

Circuit Judge Meierhenry was not appointed under the provisions of SDCL Ch. 16–12A. The record is clear that she did not preside over Horst's case pursuant to SDCL 16–12A–3.2, SDCL 16–12A–10.1, or SDCL 23A–21–2.

This state's constitution and state statutes define and limit a circuit judge's authority:

1) Article V, § 11 provides, in part,

The chief justice shall have power to assign any circuit judge to sit on another circuit court, or on the Supreme Court in case of a vacancy or in place of a justice who is disqualified or unable to act. The chief justice may authorize a justice to sit as a judge in any circuit court.

2) SDCL 16–6–29 provides:

A judge of the circuit court is a judge of the circuit court in the state of South Dakota and in any circuit in which he acts as a judge. The orders, judgments, and decrees of a circuit judge acting in a county other than one in his own circuit shall be as effectual for all purposes as though made by a judge regularly elected and qualified therein; and such judge so acting, so long as he is a circuit judge, may

thereafter enforce, amend, or vacate any order, decree, or judgment made by him, but in case of his separation from office or upon his request, the judge regularly elected for such circuit shall have such power and authority. 3) SDCL 23A–45–9 defines a "committing magistrate" as either a Supreme Court justice, a circuit court judge, or a law-trained magistrate.

■ South Dakota circuit judges have no constitutional or statutory authority to sit as law-trained magistrates. When Judge Meierhenry presided over Horst's trial and post-trial motions she was exercising the original jurisdiction of the circuit court, SDCL 16–6–12, and not that of a magistrate court with a law trained magistrate presiding. Consequently another circuit court, which can hear appeals from courts of limited jurisdiction, SDCL 16–6–10, had no jurisdiction to hear the state's appeal from a circuit court order.

The order appealed from is affirmed.

MILLER, C.J., and HENDERSON and AMUNDSON, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

Circuit Court Judge Meierhenry was acting in magistrate court *capacity* when she granted Horst a new trial. Therefore, Circuit Court Judge Hurd erred in refusing the appeal and we should reverse and remand.

The circuit court erred in finding that the present appeal could only be heard by this court. The legislature has provided that appeals from magistrate court shall be taken to the circuit court.

Except where appeal is denied by law there shall be a right of appeal to the circuit court from any final order or judgment of the magistrate court and such appeal shall be taken in the manner prescribed by law or rule for appeals to the circuit court.

SDCL 16–12A–27; *see also State v. Hoxeng*, 315 N.W.2d 308 (S.D.1982).[1] The Supreme Court has only such appellate jurisdiction as may be provided by the legislature and S.D. Const. art. V, § 5, and, as a general rule, there is no right of direct appeal from magistrate court to the Supreme Court. *Hoxeng*, 315 N.W.2d at 309. The only exception to the above rule is contained in SDCL 23A–32–5 which provides that the State may appeal from certain pre-trial orders of the magistrate. *Id.* Therefore, since the order appealed from was issued in magistrate court, it is clear that the circuit court had jurisdiction over this matter.

There is no basis for the circuit court's finding that "Circuit Judge Meierhenry is not a magistrate—even when doing work normally done by a magistrate." A magistrate court does not become a circuit court when presided over by a circuit court judge. In *Ferguson*, this court stated that:

Such county judge, when sitting as a magistrate, is not sitting as a county court any more than would a justice of this court, if sitting as a magistrate upon a preliminary hearing, be sitting as the Supreme Court.

204 N.W. at 655 (citations omitted); *see also Wagner*, 196 N.W.2d at 361. Whatever else his or her qualifications for office, whoever sits as a magistrate is sitting solely as a magistrate. *Janklow*, 238 N.W.2d at 690.

The claim that "a circuit court judge is always a circuit court judge" is questionable and immaterial. This same point was made, in a different context, in *State v. Miller*, 429 N.W.2d 26 (S.D.1988), wherein a circuit judge, who had withdrawn from the case "as far as circuit court activity," was held not to have been disqualified from the case when serving as a committing magistrate. The circuit judge in *Miller*, therefore, could issue a search warrant un-

---

1. The circuit court is, by statute, vested with "jurisdiction of appeals from all final judgments, decrees or orders of all courts of limited jurisdiction," SDCL 16–6–10, and magistrate courts are courts of limited jurisdiction. *Hoxeng*, 315 N.W.2d at 308.

der SDCL 23A–35–1, when wearing the hat of a committing magistrate.[2] *Id.* at 36.

Even if it were true that "a circuit court judge is always a circuit court judge," it would not transform a magistrate court into a circuit court. Jurisdiction clearly rests with the court as opposed to the individual who is presiding.

We should reverse and remand to require the circuit court to accept the appeal.

2. The ruling in *Miller* is consistent with that in *Milne v. Anderson*, 554 P.2d 402 (Alaska 1976), wherein the Alaska Supreme Court reversed an order of dismissal in analogous circumstances where a lower court had dismissed an appeal from a district court presided over by a superior court judge. The Supreme Court of Alaska held that the judge sitting in the place of a lower court judge acts in the same capacity as a regular member of that lower court. 554 P.2d at 403.