2003 SD 124

**Mary DALE, Plaintiff and Appellee,**

v.

**CITY OF SIOUX FALLS, South Dakota, Defendant and Appellant.**

**No. 22831.**

Supreme Court of South Dakota.

Considered June 27, 2003.

Decided Oct. 8, 2003.

Jack Theeler of Morgan, Theeler, Wheeler, Cogley & Petersen, Mitchell, South Dakota, Attorneys for plaintiff and appellee.

R. Shawn Tornow and Allen J. Eide, Sioux Falls City Attorney's Office, Sioux Falls, South Dakota, Attorneys for defendant and appellant.

ZINTER, Justice.

[¶ 1.] The City of Sioux Falls (City) attempts to appeal from a judgment entered by a magistrate court judge in favor of Mary Dale. The judgment was entered in a civil action following its removal from a small claims proceeding. Because a magistrate court appeal must be taken to circuit court, and because this Court has no jurisdiction to entertain City's direct appeal from magistrate court, we dismiss for lack of appellate jurisdiction.

## FACTS AND PROCEDURAL HISTORY

[¶ 2.] The City filed a notice of appeal on April 21, 2003 from a February 2003 judgment awarding Dale $3,452 in damages. The damages arose from a collision between Dale's vehicle and a City snowplow. The action was initially started as a small claims proceeding, but the City petitioned for removal. An order was subsequently entered providing that "the above-entitled matter is hereby removed to the regular civil docket of the Circuit Court." However, that order was signed by Magistrate[1] Judge Doyle L. Sage. Moreover, the subsequent pre-trial conference was conducted, and resulting scheduling order was

---

1. "[T]he term magistrate, means . . . a magistrate judge appointed under the authority of [SDCL ch. 16–12A]." SDCL 16–12A–1.1 (Supp. 2003). Apparently, it was the policy of the Second Judicial Circuit to assign a magistrate judge to handle civil matters after their removal from small claims to the regular civil docket when the amount in controversy was within the jurisdictional limit for concurrent

entered by Magistrate Judge Sage. Furthermore, the parties stipulated to a bench trial before Magistrate Judge Sage. Finally, although the judgment and the findings of fact and conclusions of law were captioned in "circuit court," they were signed by Magistrate Judge Sage.

[¶ 3.] City now attempts to appeal that judgment directly to this Court without having appealed to circuit court. An order to show cause was issued requesting the parties to brief the issue of this Court's jurisdiction to directly review a civil judgment entered by a magistrate judge. City contends that its appeal was proper because the proceedings below were in circuit court, or alternatively, the City was unaware that the magistrate judge could not act as a circuit court judge. If it is determined that the magistrate judge was not acting as a circuit court judge, City argues that the judgment below should be vacated.

[¶ 4.] Dale, however, argues that the City's only remedy was to appeal to circuit court and that there is no direct appeal allowed from magistrate court to this Court. Dale contends that despite the incorrect captioning of the matter as a "circuit court" action, the matter was tried in magistrate court by a magistrate judge. Dale also points out that the parties stipulated to a bench trial before a magistrate judge, and the magistrate judge told the parties that the matter was proceeding in magistrate court.[2]

## ISSUE

[¶ 5.] **Whether a direct appeal can be taken to the Supreme Court from a judgment entered by a magistrate judge.**

[¶ 6.] "This Court has only 'such appellate jurisdiction as may be provided by the legislature.' 'The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it.' " *State v. Hoxeng,* 315 N.W.2d 308, 308 (S.D.1982) (internal citations omitted). This Court is also "required to take notice of jurisdictional questions, whether presented by the parties or not." *Wold Family Farms v. Heartland Organic Foods,* 2003 SD 45, ¶ 12, 661 N.W.2d 719, 723.

[¶ 7.] In this case, the matter was commenced as a small claims proceeding, but the City petitioned for removal from the small claims procedure. SDCL 15–39–57 authorizes removal of a small claims proceeding "to the regular civil docket of the circuit court *or magistrate court.*" *Id.* (emphasis added). The City's petition requested removal to the "civil docket of the Second Circuit Court for Minnehaha County." That petition was granted and the action was *captioned* in circuit court. However, the order was signed by a magistrate judge, and the matter proceeded without objection with a magistrate judge presiding. Thus, notwithstanding the caption, this matter was clearly tried by a magistrate judge who had concurrent jurisdiction[3] to try such civil matters.

jurisdiction of magistrate courts. *See* SDCL 16–12A–24 (Supp. 2002) and SDCL 15–39–57.

2. At the time the trial commenced, the magistrate judge addressed counsel indicating:

Okay. As you know, we don't in Magistrate Court, we don't have a court reporter, so we have everything on what we call CourtSmart so you have to stay by the microphones.

3. SDCL 16–12A–24 (Supp. 2002) provided for concurrent jurisdiction in small claims proceedings and certain civil actions.

Any magistrate court with a magistrate judge presiding has concurrent jurisdiction with the circuit courts to try and determine all civil actions if the debt, damage, claim, or value of the property involved does not exceed ten thousand dollars. Any magistrate court with a magistrate judge presiding has jurisdiction in small claims pro-

■ [¶ 8.] Therefore, if the trial of this matter before a magistrate judge meant that the judge was exercising the power of the magistrate court, appellate jurisdiction was limited to a review by the circuit court. SDCL 16–12A–27 specifically provided:

> Except where appeal is denied by law there shall be a right of appeal to the circuit court from any final order or judgment of the magistrate court and such appeals shall be taken in the manner prescribed by law or rule for appeals to the circuit court.

In addition, SDCL 16–6–10 provided that "[t]he Circuit Court has jurisdiction of appeals from all final judgments, decrees or orders of all courts of limited jurisdiction, inferior officers or tribunals." Therefore, as we have previously noted:

> SDCL 16–6–10 vests in the circuit court jurisdiction of appeals from all final judgments, decrees or orders of all courts of limited jurisdiction. Magistrate courts are, of course, courts of limited jurisdiction. Moreover, the legislature has provided that appeals from magistrate court shall be taken to the circuit court.

*Hoxeng*, 315 N.W.2d at 308. This Court has also adopted rules governing the manner in which such appeals are taken from magistrate court to the circuit court. *See* SDCL ch. 15–38 (appeal from magistrate court to the circuit court). Therefore, "with the one exception provided by SDCL 23A–32–5 (appeals by the State from certain pre-trial orders of a circuit court or magistrate), there is no right of direct appeal from magistrate court to the Supreme Court." *Hoxeng*, 315 N.W.2d at 309.

[¶ 9.] City, however, argues that notwithstanding the fact a magistrate judge tried the matter, it believed, and the judgment indicates that it was proceeding in circuit court. This argument is misplaced. We addressed the opposite, but analogous question whether a circuit judge was acting as a magistrate judge in *State v. Horst*, 504 N.W.2d 862 (S.D.1993). There, we determined that a circuit court judge was acting as a circuit judge and not a magistrate judge even though a magistrate judge had concurrent jurisdiction. *Id.* at 863. We did so stating:

> Except as is permitted by constitutional or statutory provision, a judge cannot act for a court other than one for which [that judge] was selected. The jurisdiction of a judge being incident to, and growing out of, the jurisdiction of the court of which [that judge] is a member, a judge cannot, in the absence of authority of law, exercise the judicial functions of a court for which [the judge] has not been selected.

*Id.* at 863–64 (citations omitted). Therefore, while both a magistrate judge and circuit judge have concurrent jurisdiction over this type of civil matter, the presiding magistrate judge could not exercise the judicial functions of a circuit court in a trial. Because Magistrate Judge Sage could not have exercised the judicial functions of a circuit court, this matter was tried in magistrate court. Therefore, the appeal from magistrate court must have followed the exclusive statutory method of appealing to circuit court.[4] Because the City did not pursue the only appeal authorized by law, we have no jurisdiction to

---

ceedings if the debt, damage, claim or value of the property involved does not exceed eight thousand dollars.

4. We also reject the City's argument that it was unaware it was proceeding within the jurisdiction of a magistrate court. On this

record, it is abundantly clear from Magistrate Judge Sage's presence, the City's appearances before him for pretrial matters and trial, and his order and judgment that the City knew, or should have known, they were proceeding in front of a magistrate judge. Moreover, because Magistrate Judge Sage could only exer-

entertain this appeal or grant the City's request to vacate the decision below.

[¶ 10.] Appeal dismissed.

[¶ 11.] GILBERTSON, Chief Justice, KONENKAMP and MEIERHENERY, Justices, concur.

[¶ 12.] SABERS, Justice, concurs specially.

SABERS, Justice (concurring specially).

[¶ 13.] I agree that a magistrate judge cannot exercise the judicial functions of a circuit court and agree with the authorities cited herein for that proposition, except for *State v. Horst*, 504 N.W.2d 862 (S.D.1993).

[¶ 14.] In *Horst*, a circuit court judge was acting as a magistrate judge on a removal from small claims. The majority, over my dissent, held that "since a circuit court judge is always a circuit court judge" that somehow caused *the magistrate court to become a circuit court. Horst* was wrongly decided then and wrongly relied upon now. We should not use it to support this opinion.

cise the authority of a magistrate court as a matter of law, the City was on notice that it was required to appeal Magistrate Judge Sage's judgment to circuit court.