#23710-dis-ZINTER, Justice

**2006 SD 30**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                             Plaintiff and Appellee,

    v.

ROBERTA LEE SCHWALLER,                        Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
GREGORY COUNTY, SOUTH DAKOTA

* * * *

HONORABLE MARK SMITH
Magistrate Judge

* * * *

LAWRENCE E. LONG
Attorney General

FRANK GEAGHAN
Assistant Attorney General                    Attorneys for plaintiff
Pierre, South Dakota                              and appellee.

JOHN J. SIMPSON                                   Attorney for defendant
Hamill, South Dakota                             and appellant.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 13, 2006

OPINION FILED 3/29/06

#23710

ZINTER, Justice

[¶1.]     Roberta Schwaller appeals her misdemeanor conviction for making threatening or harassing telephone calls in violation of SDCL 49-31-31. Because we do not have jurisdiction to consider a direct appeal from a misdemeanor conviction in magistrate court, we dismiss.

PROCEDURAL HISTORY

[¶2.]     On January 27, 2005, a criminal complaint was filed against Schwaller for making threatening or harassing telephone calls in violation of SDCL 49-31-31, a class 1 misdemeanor.  The Honorable Kathleen F. Trandahl was assigned to preside in this matter.  On February 1, 2005, Judge Trandahl recused herself.  On February 10, 2005, the Honorable Max A. Gors, presiding judge of the Sixth Judicial Circuit, appointed the Honorable Magistrate Judge Mark Smith to replace Judge Trandahl. The order provided that Judge Smith would "act in the stead of the said Judge Kathleen F. Trandahl, with full power, authority and jurisdiction to proceed in the matter."

[¶3.]     Judge Smith presided over the jury trial.  The jury returned a guilty verdict against Schwaller.  Judge Smith sentenced her to: 360 days in the county jail with 330 days suspended; a $500.00 fine with $500.00 suspended; unsupervised probation for one year; and she was prohibited from using the telephone except to call immediate family members and 911 for emergency purposes.

[¶4.]     On July 15, 2005, Schwaller filed a notice of appeal directly with this Court challenging the conviction and sentence.  As stated in her brief: "Schwaller appealed from the Judgment of Conviction and Sentence executed by the Honorable Mark Smith, Law Trained Magistrate for the Sixth Judicial Circuit, Gregory

County South Dakota dated June 24, 2005." Brief for Schwaller at 1, State v. Schwaller, 2006 SD 30, 712 NW2d 869. However, neither Schwaller nor the State cited any authority giving this Court jurisdiction to review a direct appeal from magistrate court. Instead, both parties cited general appellate statutes providing jurisdiction to review appeals from judgments of conviction entered in circuit court. Because this is a direct appeal from a judgment of conviction entered by a magistrate judge, and because this Court is required to take notice of jurisdictional defects, we examine our jurisdiction to entertain this appeal.

ANALYSIS

[¶5.] "This Court has only 'such appellate jurisdiction as may be provided by the legislature. The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it.'" Dale v. City of Sioux Falls, 2003 SD 124, ¶ 6, 670 NW2d 892, 894 (citing State v. Hoxeng, 315 NW2d 308, 308 (SD 1982)). "The appellate jurisdiction of this Court will not be presumed but must affirmatively appear from the record." Double Diamond Constr. v. Farmers Coop., 2003 SD 9, ¶ 6, 656 NW2d 744, 746 (citing State v. Hare, 260 NW2d 224, 226 (SD 1977)). "The question of jurisdiction to hear an appeal may be raised *sua sponte*." *Id*. In fact, we are "required to take notice of jurisdictional questions, whether presented by the parties or not." *Dale*, 2003 SD 124, ¶ 6, 670 NW2d at 894.

[¶6.] Judge Smith assumed jurisdiction over this case because Judge Trandahl recused herself. Pursuant to SDCL 15-12-32, in the event of the disqualification of a circuit court judge, the presiding judge of the circuit "shall assign some other circuit judge or magistrate of that circuit as is appropriate to

preside in such action." "A magistrate court with a magistrate judge presiding has concurrent jurisdiction with the circuit courts to try and determine all cases of misdemeanor." SDCL 16-12B-11. Therefore, Judge Smith had jurisdiction over the action.

[¶7.] Following the jury trial and entry of the judgment by Judge Smith, Schwaller had the right to appeal her conviction. However, the appeal was to circuit court. "[T]here is a right to appeal to the circuit court[1] from any final order or judgment of the magistrate court with a magistrate judge presiding, and such appeal shall be taken in the manner prescribed by law or rule for appeals to the circuit court." SDCL 16-12B-16; 16-12A-27.1. "This Court has also adopted rules governing the manner in which such appeals are taken from magistrate court to the circuit court." *Dale*, 2003 SD 124, ¶ 8, 670 NW2d at 895 (citing SDCL ch 15-38 (appeal from magistrate court to the circuit court)).

[¶8.] Consequently, we have previously held that "'with the one exception provided by SDCL 23A-32-5 (appeals by the State from certain pre-trial orders of a magistrate), there is no right of direct appeal from magistrate court to the Supreme Court.'" *Id*. (citing *Hoxeng*, 315 NW2d at 309). And, when a party fails to pursue the only appeal authorized by law (to circuit court), this Court has no jurisdiction to entertain a direct appeal. *See e.g., Dale*, 2003 SD 124, ¶ 9, 670 NW2d at 895 (dismissing appeal in a civil action brought directly to this Court from magistrate court); *Hoxeng*, 315 NW2d at 309 (dismissing direct appeal from a law trained magistrate's judgments of conviction entered after a jury trial). Although SDCL 23A-32-2 generally provides for an appeal to this Court "from [a] final judgment of

conviction," we have specifically held that this appellate statute does not abrogate the appellate statutes requiring an appeal from magistrate court to circuit court after a criminal conviction. *Hoxeng*, 315 NW2d at 309. Therefore, under this directly controlling authority, we have no jurisdiction to review this appeal.

[¶9.]    Appeal dismissed.

[¶10.]    GILBERTSON, Chief Justice, and SABERS, KONENKAMP and MEIERHENRY, Justices, concur.