#28303-dismiss-JMK
**2018 S.D. 63**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellant,

    v.

IRWIN SHARPFISH,                    Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT GUSINSKY
Judge

* * * *

MARTY J. JACKLEY
Attorney General

QUINCY R. KJERSTAD
Assistant Attorney General
Pierre, South Dakota

MARK VARGO
JOSHUA SATTERLEE
Pennington County State's Attorney          Attorneys for plaintiff and
Rapid City, South Dakota                    appellant.

ELIZABETH REGALADO
Office of the Public Defender
   for Pennington County                    Attorneys for defendant and
Rapid City, South Dakota                    appellee.

* * * *

CONSIDERED ON BRIEFS ON
MARCH 19, 2018
OPINION FILED **08/15/18**

#28303

KERN, Justice

[¶1.]    Defendant was arrested and charged in magistrate court for driving under the influence of alcohol. Defendant filed a motion to suppress evidence obtained from the stop, arguing law enforcement lacked reasonable suspicion. The magistrate court denied defendant's motion, and defendant was convicted and sentenced after a bench trial. Defendant appealed to the circuit court, which reversed the magistrate court's suppression order. The State filed an intermediate appeal, which we dismiss.

**Facts and Procedural History**

[¶2.]    On August 8, 2015, Officer Garrett Loen, while on patrol in Rapid City, South Dakota, received a dispatch at 1:45 a.m. regarding a report of an intoxicated driver getting into a blue minivan. Officer Loen, who was in the immediate vicinity, responded to the report and observed a vehicle matching the description given driving through a strip mall parking lot. The minivan stopped at the Corner Pantry gas-station pump. Officer Loen pulled up behind the van and activated his amber warning lights.

[¶3.]    Officer Loen exited his vehicle and approached the driver, Irwin Sharpfish, who had gotten out and appeared to be searching for something in the front seat of the minivan. Officer Loen asked Sharpfish how he was doing and Sharpfish replied, "I'm doing good." After pausing briefly, Officer Loen approached Sharpfish and observed that his eyes appeared bloodshot, he had an odor of alcohol on his breath and person, he slurred his speech, and he swayed as he stood. Officer Loen positioned himself between Sharpfish and the pump, standing about a foot

-1-

away from Sharpfish. Sharpfish stated that he was just trying to fuel his car. Officer Loen explained that he had received a report about an intoxicated driver, to which Sharpfish responded, "Oh really." Officer Loen asked Sharpfish whether he had any identification with him, and Sharpfish produced a Nevada driver's license.

[¶4.] After examining the license, Officer Loen asked Sharpfish whether he had been drinking that night. Sharpfish repeatedly denied that he had, and Officer Loen began asking Sharpfish whether he would agree to undergo field sobriety tests. Sharpfish eventually agreed to perform a horizontal gaze nystagmus test. Based on his observations of signs of intoxication, Officer Loen placed Sharpfish under arrest for driving under the influence. A subsequent blood draw taken pursuant to a warrant revealed that Sharpfish had a blood-alcohol content of 0.222.

[¶5.] On August 20, 2015, the State charged Sharpfish with driving under the influence of alcohol in violation of SDCL 32-23-1(2), and, in the alternative, driving with a blood alcohol content of 0.08 or greater in violation of SDCL 32-23-1(1). On August 25, 2015, the State filed a part II information alleging a previous conviction of driving under the influence.

[¶6.] On April 5, 2016, Sharpfish filed a motion to suppress any evidence gathered during his encounter with Officer Loen. In his motion, Sharpfish argued that Officer Loen lacked reasonable suspicion to justify an investigatory stop. Sharpfish contended that the encounter amounted to an unreasonable search and seizure and thus violated his rights under the Fourth Amendment to the United States Constitution.

[¶7.]     On April 19, 2016, the magistrate court held an evidentiary hearing. Officer Loen testified, and the court received as an exhibit a DVD containing the dashcam recording of the encounter. On July 25, 2016, the court denied the motion to suppress, concluding that before the encounter evolved into a seizure, Office Loen made observations justifying a reasonable suspicion of criminal activity.

[¶8.]     On September 27, 2016, the magistrate court held a bench trial and found Sharpfish guilty of driving under the influence in violation of SDCL 32-23-3. On December 20, 2016, the court sentenced Sharpfish to 180 days in jail and revoked his license for one year. The court suspended the sentence and held the revocation in abeyance until Sharpfish completed his appeal to the circuit court. On January 3, 2017, the magistrate court entered a judgment of conviction. On January 9, 2017, Sharpfish filed a notice of appeal from the judgment of conviction to the circuit court.

[¶9.]     On June 19, 2017, the circuit court issued an order reversing and remanding the judgment. In its decision, the court concluded that "the stop and detention of Sharpfish was investigatory from its inception." The court ordered that Sharpfish's motion to suppress be granted and the case remanded for further proceedings.

[¶10.]    The State petitioned for an intermediate appeal, arguing this Court has jurisdiction to hear an appeal under SDCL 23A-32-5. Because we determine that no appeal can lie from the circuit court's remand order, we do not reach whether the encounter between Sharpfish and Officer Loen constituted a search and seizure.

-3-

### Analysis and Decision

[¶11.] The State petitioned for a discretionary appeal under SDCL 23A-32-5 and SDCL 23A-32-12, but argues only that this Court possesses jurisdiction to hear an appeal from the circuit court's order under SDCL 23A-32-5, which provides:

> An appeal by a prosecuting attorney may be taken to the Supreme Court from:
>
> > (1) An order of a circuit court or a magistrate suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding;
> >
> > (2) An order of a circuit court or a magistrate sustaining a motion to dismiss a complaint on statutory grounds or otherwise.
>
> An appeal under this section may not be taken after a defendant has been put in jeopardy and is not a matter of right but of sound judicial discretion. Appeals from such orders shall be taken in the same manner as intermediate appeals in subdivision § 15-26A-3(6). No appeal taken under this section shall delay any trial unless a stay be granted in the discretion of the Supreme Court.

According to the State, the statute allows the State to appeal because the circuit court's order to reverse and remand effectively acts as a suppression order.

[¶12.] However, from our review of the record, an issue arises regarding the timeliness of the State's appeal. The State, in its July 5, 2017 petition for intermediate appeal, attached an email from the circuit court dated June 19, 2017. The State acknowledged the attachment as "constituting notice of entry" of order.

[¶13.] SDCL 23A-32-6 provides that "[a]n appeal under § 23A-32-4 or 23A-32-5 must be taken within ten days after written notice of entry of the judgment or order." SDCL 23A-32-12 also references the procedures under SDCL 15-26A-13 that require a petition for discretionary review of an order to be filed within ten days after notice of entry of the order. Assuming arguendo that the circuit court's

-4-

order constituted an intermediate order before trial, the State would likewise be required to petition for discretionary review within ten days. Because the State appealed more than ten days after the notice of entry of the order, an appeal under SDCL 23A-32-4, SDCL 23A-32-5, or SDCL 23A-32-12 is untimely.

[¶14.] Statutory authorization for an appeal must be explicit. Because we find no basis for an appeal to this Court in SDCL chapter 23A-32 at the present stage of the proceedings, the State's appeal must be dismissed.

[¶15.] GILBERTSON, Chief Justice, ZINTER and JENSEN, Justices, and SEVERSON, Retired Justice, concur.

[¶16.] SALTER, Justice, not having been a member of the Court at the time this action was assigned to the Court, did not participate.