#28537-dismiss-SLZ
**2018 S.D. 76**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

AMBER RENEE WEGNER,                          Petitioner and Appellee,

    v.

SCOTT W. SIEMERS,                          Respondent and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CLAY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE KASEY SORENSEN
Judge

* * * *

CREIGHTON A. THURMAN                   Attorney for respondent
Yankton, South Dakota                        and appellant.


AMBER RENEE WEGNER
Beresford, South Dakota                       Pro se petitioner.

* * * *

CONSIDERED ON BRIEFS ON
OCTOBER 1, 2018
OPINION FILED **11/07/18**

ZINTER, Justice[1]

[¶1.]         A defendant appeals a protection order entered in magistrate court. Because this Court does not have appellate jurisdiction to consider this direct appeal from magistrate court, we dismiss.

*Facts and Procedural History*

[¶2.]         In December 2017, Amber Wegner sought a protection order against Scott Siemers. At the hearing in magistrate court, Wegner appeared pro se, and Siemers was represented by counsel. After considering both parties' testimony, the court found Siemers "[w]illfully, maliciously, or repeatedly harassed [Wegner] by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication." *See* SDCL 22-19A-1(3) (defining stalking). The court issued an order of protection effective for three years. Thereafter, counsel asked, "I would assume, since this is in magistrate court, that the appeal chain is circuit court and then up the line?" The court replied, "Correct."

[¶3.]         Siemers did not appeal the magistrate court's decision to the circuit court; he has appealed to this Court. He contends the magistrate court clearly erred and abused its discretion in granting the protection order.

*Decision*

[¶4.]         "This Court has only such appellate jurisdiction as may be provided by the legislature. The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it." *State v. Schwaller*, 2006 S.D. 30, ¶ 5, 712 N.W.2d 869, 871 (internal quotations marks omitted); *accord State v. Sharpfish*,

---

1.     This opinion was decided prior to Justice Zinter's death.

2018 S.D. 63, ¶ 14, 917 N.W.2d 21, 23. SDCL 15-26A-60 requires the jurisdictional statement in an appellant's brief to show "that the order sought to be reviewed is appealable." Siemers does not identify any authority upon which this Court has appellate jurisdiction to consider his direct appeal from magistrate court. If a question of appellate jurisdiction exists, we are required to take notice of the question regardless of a party's failure to raise it. *Schwaller*, 2006 S.D. 30, ¶ 5, 712 N.W.2d at 871.

[¶5.]     "A magistrate court with a magistrate judge presiding has concurrent jurisdiction with the circuit courts to try and determine any action for a protective or restraining order or injunctive relief pursuant to chapter 22-19A, 25-10, or 21-65." SDCL 16-12B-13. There is also a limited right to appeal. "Unless appeal is denied by law, there is a right of appeal *to the circuit court* from any final order or judgment of the magistrate court with a magistrate judge presiding[.]" SDCL 16-12B-16 (emphasis added); *accord* SDCL 16-12A-27.1. Accordingly, Siemers had a right to appeal the magistrate court's order to the circuit court, but we see no statutory authority to appeal directly to this Court.

[¶6.]     We have previously recognized that appellate jurisdiction from a magistrate court's decision is limited to the circuit court. *Dale v. City of Sioux Falls*, 2003 S.D. 124, ¶ 8, 670 N.W.2d 892, 895; *Schwaller*, 2006 S.D. 30, ¶ 8, 712 N.W.2d at 871. "[W]ith the one exception provided by SDCL 23A-32-5 (appeals by the State from certain pre-trial orders of a circuit court or magistrate), there is no right of

direct appeal from magistrate court to the Supreme Court."[2] *State v. Hoxeng*, 315 N.W.2d 308, 309 (S.D. 1982). We must therefore dismiss. "[W]hen a party fails to pursue the only appeal authorized by law (to circuit court), this Court has no jurisdiction to entertain a direct appeal." *Schwaller*, 2006 S.D. 30, ¶ 8, 712 N.W.2d at 871.

[¶7.]     GILBERTSON, Chief Justice, and KERN, JENSEN, and SALTER, Justices, concur.

---

2.     The exception provided by SDCL 23A-32-5 involves certain criminal cases.

> An appeal by a prosecuting attorney may be taken to the Supreme Court from:
> (1) An order of a circuit court or a magistrate suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding;
> (2) An order of a circuit court or a magistrate sustaining a motion to dismiss a complaint on statutory grounds or otherwise.